# MARY J. BISSELL *et al.*

## *v.*

# THE MARINE COMPANY OF CHICAGO.

55  165|
42a 611|

1. INTEREST *upon decree of foreclosure.* In a suit to foreclose a mortgage, it was stipulated by the parties defendant that a decree of strict foreclosure might be entered, the complainant to take the mortgaged premises in full satisfaction thereof, but the decree provided that the defendant should, within six months, pay the amount found due, with interest thereon at ten per cent per annum, and in default thereof, to be from thenceforth foreclosed of all equity of redemption: *Held,* inasmuch as the complainant was entitled to a strict foreclosure, it was not error to require a higher rate of interest than is prescribed by the statute, upon an extension of the time of payment.

2. DECREE OF FORECLOSURE—*for too large a sum.* Where it is stipulated, in a suit to foreclose a mortgage, that a decree of strict foreclosure may be entered, and that the mortgaged premises shall be taken in full satisfaction of the decree, the amount for which it may be rendered is immaterial, and even if it exceed the amount claimed in the bill, it will not be erroneous.

3. PARTIES—*on foreclosure.* Although our statute allows the administrator of a mortgagor to redeem from a sale of mortgaged premises under a decree of a court of equity, it does not follow that he is a necessary party to a bill to foreclose.

4. And especially, in a suit where the heirs of a mortgagor are made parties, and the bill, decree and consent of the defendants are all for a strict foreclosure, and there is a stipulation that the lands shall be taken in full satisfaction of the decree, it is not an error of which the defendants can complain that the administrator is not joined.

WRIT OF ERROR to the Superior Court of Chicago.

The opinion states the case.

Mr. W. H. BARNUM and Mr. C. W. THOMAS, for the plaintiffs in error.

Mr. ROBERT T. LINCOLN and Messrs. WILLIAMS & THOMPSON, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery in the superior court of Chicago, brought by the Marine Company of Chicago, against Mary J. Bissell and Rhoda E. Bissell, sole heirs of William H. Bissell, deceased, for the strict foreclosure of a deed of trust on certain lands in Cook county, executed by the said William H. to the complainants, the bill alleging that, at the time of the filing thereof, there was due on the note the deed of trust was given to secure, $1568.75, with interest thereon at the rate of ten per cent per annum, from January 1, 1860. March 10, 1865, the bill was taken for confessed against the defendants, and the cause referred to the master to take proofs. The proofs so taken were filed April 13, 1866, showing the indebtedness to be upon a note, dated January 1, 1860, for $1609, at ten per cent interest, no part thereof having been paid, and that the value of the lands did not exceed $1500. On the same day the following stipulation was filed, to-wit:

STATE OF ILLINOIS,⎰ ss.      SUPERIOR COURT OF CHICAGO.
  COOK COUNTY.  ⎱            IN CHANCERY.

THE MARINE COMPANY OF CHICAGO ⎱
              *vs.*                ⎬ Foreclosure.
    MARY JOSEPHINE BISSELL,        ⎪
    RHODA EMILY BISSELL,           ⎪
    ISAAC N. ARNOLD *et al.*       ⎰

It is hereby stipulated and agreed by and between Mary Josephine Bissell and Rhoda Emily Bissell, two of said defendants, and the said complainants, that the court shall enter a decree of strict foreclosure against the premises described in the bill of complaint, in favor of the complainants, for amount due upon note and mortgage, to-wit: $1609 and int. from January 1, 1860. The complainants to take the said lands in full satisfaction of such decree.

October 25, 1865.          MARY J. BISSELL,
                            RHODA EMILY BISSELL.

Signed in presence of
    CHARLES W. THOMAS.

Whereupon, on the said thirteenth day of April, 1866, a decree was rendered, reciting that the cause came on to be heard upon the bill taken as confessed, the proofs produced in open court, and the stipulation of the said defendants, Mary Josephine Bissell and Rhoda Emily Bissell, and finding the sum of $1609, and interest from January 1, 1860, at ten per cent, to be due to the complainants, the premises to be a scant security, the estate of Bissell to be insolvent, and ordering that the defendants should, within six months, pay to the complainants said sum of $1609 and interest thereon, from January 1, 1860, at ten per cent per annum, or, in default thereof, to be from thenceforth foreclosed of all equity of redemption in the premises.

The errors assigned are:

1. That the court below erred in rendering a decree which bears interest at a rate greater than six per cent per annum.

2. The court below erred in rendering a decree for more than was claimed in the bill of complaint.

3. The court below erred in rendering a decree for more than amount mentioned in stipulation on file.

4. The court erred in rendering a decree without requiring administrator of mortgagor, who was to be materially affected thereby, to be made a party.

Under the stipulation in the case, the decree might have foreclosed the defendants' equity of redemption at once. Allowing it to run for any longer time was a mere favor to the defendants, not a right which they could claim. Hence they have no just ground of complaint, that the decree allowed them six months longer to pay the principal of the note, before barring their equity of redemption, with ten per cent interest, which was according to the terms of the note, instead of six per cent interest, upon the amount due at the time of the decree.

As to the amount found due by the decree being greater than that claimed in the bill, or warranted by the stipulation, admitting defendants' construction of the stipulation to be correct, that the interest named in it means six per cent interest,

168     BISSELL *et al. v.* MARINE COMPANY.     [Sept. T.,

Opinion of the Court.

and not that specified in the note, we can not, in view of the stipulation, perceive any error in this respect, prejudicial to the defendants. It was a condition of the stipulation that the complainants should take the lands in full satisfaction of the decree. After making use of it against the defendants as an item of proof, and taking the decree under it, the complainants would be held to have consented to, and to be bound by, the condition in it which was in favor of the defendants. Whatever the amount found due by the decree, the complainants would take the lands in full satisfaction of it, and therefore the amount was immaterial.

The administrator of the mortgagor is not, ordinarily, a necessary party to a bill of foreclosure, where he has no interest in the equity of redemption, as in this case. Story's Eq. Pl. secs. 175, 196. Although our statute allows him to redeem from a sale of mortgaged premises under a decree of a court of equity, it does not follow that he is a necessary party to a bill of foreclosure.

And especially in this case, there is no error of which the plaintiffs here can complain, in not joining the administrator, where the bill, decree and consent of the defendants were for a strict foreclosure, and a stipulation that the lands should be taken in full satisfaction of the decree.

The decree of the court below is affirmed.

*Decree affirmed.*