# F. M. ROBERTS, ADMINISTRATOR,

## V.

## CALTON FLATT ET AL.

*Administration—Debts—Sale of Real Estate for Payment of—Presentation of Claim for Allowance—Sec. 70, Chap. 3, R. S.—Deficiency.*

1. A debt included in a report made by an administrator to the County Court, estimating the deficiency of personal estate to pay debts, an order directing an application for a decree for sale of real estate being requested, is not " exhibited to the court" within the meaning of Sec. 70, Chap. 3, R. S.

2. It is not necessary to make the administrator of a mortgagor a party to a bill of foreclosure, except where he has an interest in the equity of redemption, as where the mortgage is upon a chattel interest, or where the bill seeks not only a foreclosure, but a decree for any deficiency against the personal estate, and though an administrator may redeem from a sale of mortgaged premises under a decree of a court of equity, it does not follow that he is a necessary party to such a bill.

3. A debt evidenced by a note secured by a mortgage not presented as a claim against an estate within two years from the appointment of the administrator can not be said to be properly established as such claim, though proceedings to foreclose were instituted within two years, a decree of foreclosure being entered after such time had elapsed, in which was set forth the amount due, the administrator being ordered to pay the same within a time named; such requirement of payment is not to be regarded as for any purpose of a decree or adjudication affecting the assets in the hands of the administrator. While the personal estate is primarily liable for the payment of the debt, the heir must enforce the right to have the real estate exonerated by a bill in his own favor against the administrator.

4. A decree in such case finding a deficiency in a certain amount after sale, but not ordering payment, can not be looked upon as a decree against the administrator.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. WITHERS & RAINEY, for appellant.

Messrs. J. B. NULTON and JOHN G. HENDERSON, for appellees.

WALL, P. J.   The appellant, as administrator of Aaron Flatt, deceased, filed his petition for leave to sell real estate to pay a balance of about $1,100 due to one Daniel Morfoot.

The County Court granted an order as prayed, from which an appeal was taken to the Circuit Court by the heirs, where on a final hearing the petition was dismissed, from which order an appeal is prosecuted to this court by the administrator.

The real question in the case is whether the claim was properly chargeable upon the inventoried assets, or whether it could be paid only out of assets subsequently discovered; and this depends upon whether the proper steps were taken within two years of the appointment of the administrator to exhibit the claim to the County Court, or to institute suit upon it against the administrator in some other court of competent jurisdiction.

The claim consisted of a balance due upon a note given by the intestate to Morfoot, secured by a mortgage on real estate.   The debt evidenced by this note, and secured by this mortgage, was not presented by the creditor to the County Court for allowance within two years from the grant of letters of administration.   It appears, however, that Long, who was first appointed administrator (and to whom the present appellant is successor), not only knew of the existence of the debt, but made a report to the County Court, estimating the deficiency of personal estate to pay debts, and asking for an order directing him to apply for a decree to sell land, etc., in which the nature and amount of the debt was set forth; and that thereupon the said Long, having been so directed, did petition for and obtain such an order or decree of sale.   The creditor was not a party to this proceeding, and nothing further was done therein.

Now, while the debt was thus brought before the court by the administrator, it was done merely in compliance with the statute, which provides that in applications for sale of real

estate to pay debts the administrator shall state "the amount of claims allowed, with an estimate of the amount of just claims to be presented." It was then merely the estimate of the administrator, but was not binding on the creditor in any way or for any purpose.

We are inclined to think it was not thereby "exhibited to the court" within the meaning of Sec. 70, Chap. 3, R. S.

Such a proceeding, as here intended, is by filing the claim at the instance or on behalf of the creditor for allowance against the estate. The creditor may or may not desire to participate in the assets inventoried by the administrator. His action is requisite if he does, and by it there must be shown an intention to set up and support the demand. He would not be bound by the "estimate" of the administrator, nor could he rely upon it. Moreover, this estimate is merely as to the amount of just claims to be presented, clearly implying that it will not dispense with presentation by the creditor, as required by other provisions of the statute.

It is urged, however, that the creditor had properly established the claim against the estate in a proceeding to foreclose the mortgage which was instituted by bill in chancery in the Circuit Court within the two years.

To this bill, Long, the first administrator, was a party. After some delay, and after the two years had expired, a decree of foreclosure was obtained, in which was found the amount due upon the mortgage debt, and said Long, administrator of the estate of Aaron Flatt, was ordered to pay the same within twenty days with interest, cost, etc., and in default of such payment the premises were to be sold by the master, etc. It is important to determine the effect of this decree so far as it may involve the personal estate and the personal representative of the mortgagor. It is not necessary to make the administrator of a mortgagor a party to a bill of foreclosure, except where he has an interest in the equity of redemption, as where the mortgage is upon a chattel interest, or where the bill seeks not only a foreclosure, but a decree for any deficiency against the personal estate (Story's Eq. Pl., Secs. 175, 196); and though by our statute an administrator may redeem

from a sale of mortgaged premises under a decree of a court of equity, it does not follow that he is a necessary party to a bill of foreclosure.   Bissell v. The Marine Company, etc., 55 Ill. 165.

The decree here in terms does require payment by the administrator, but it is not to be regarded as so requiring for any purpose of a decree or adjudication affecting the assets in the hands of the administrator.   While the personal estate is primarily liable for the payment of the debt, the heir must enforce the right to have the real estate exonerated by a bill in his own favor against the administrator.   Story, *supra*.

We think the estate is not bound by this part of the decree as an adjudication for any purpose except to determine the amount necessary to be paid in order to prevent a sale of the mortgaged premises; beyond this it has no force or effect whatever.   Gochenour v. Mowry, 33 Ill. 331.

It is suggested, however, that there was a decree against the estate for the deficiency arising after the sale, which deficiency, as stated at the beginning, is the debt for which it is sought to sell other lands in the present proceeding.

Counsel for appellee concede that if the decree can be so regarded it will stand on the same footing as a judgment in a suit at law upon the note against the administrator, but he insists it is not sufficient as such.

The bill does not ask for such relief specifically, but the general prayer is broad enough for the purpose.   The difficulty is, that while the report of the master showing the amount unsatisfied by the sale was by the court approved, and while thereon the court found there was a deficiency for the amount so reported, there was no decree requiring payment or even authorizing payment in due course of administration or otherwise.   The decree stops at the mere finding of the amount of the deficiency.   It does not find that this should be paid by the estate or from any other fund.   The cause was then continued until the next term.   At the next term the court approved the report of the receiver, showing a balance of $315.94 in his hands, derived from rents, which sum was ordered paid to the creditor in reduction of the deficiency, and that the cause be removed from the docket.

We are inclined to hold that there is not enough in the record thus made to be treated as a decree against the administrator. There is wanting the material and essential feature of the judgment of the court. The facts were found upon which judgment might have passed, but for some reason the court went no further, and refrained from declaring what rights or liabilities should flow from the facts. We must add to the record in order to make it efficient for the purpose desired.

This objection, though savoring somewhat of technicality, is really very substantial and must be so considered even in a proceeding where the strictest formality is not always required.

As it was within the easy reach of the complainant to obtain a decree that would have been effective for the purpose of enabling him to participate in the inventoried assets, and as he did not do so, it must be assumed that the court did not so intend. At any rate it was not done, and the complainant can blame no one but himself for not obtaining or at least not asking for the decree.

Very probably, as suggested, he did not so desire, and that but for an afterthought the present proceeding would not have been instituted.

*Decree affirmed.*