# CHARLESTON.

DAVIS *et al.* v. HALSTEAD *et al.*

Submitted September 13, 1910. Decided April 2, 1912.

1. FRAUDULENT CONVEYANCES—*Impeachment.*

   A deed which is both voluntary and fraudulent in fact is not only impeachable as to claims existing when it was made, but it is impeachable as to claims of subsequent creditors. (p. 573).

2. SAME—*Action to Set Aside—Parties—Judgment Creditors.*

   In a suit to set aside a fraudulent conveyance and charge the

property with a judgment against the fraudulent grantor in favor of the plaintiff, the bill may properly implead other judgments against the fraudulent grantor and make the holders thereof defendants to the cause.  (p. 571).

3.  LIMITATION OF ACTIONS—*Running of Statute.*

When a judgment claim against a fraudulent grantor is impleaded by the bill in a suit attacking the fraudulent conveyance, and the party holding the judgment is made a defendant, the statute of limitations ceases to run against the judgment though no answer has been filed asserting it.  (p. 575).

Appeal from Circuit Court, Nicholas County.

Bill by George Davis and others against J. J. Halstead and others.  Decree for plaintiffs, and defendants J. J. and J. F. Halstead appeal.

*Affirmed.*

*G. G. Duff* and *A. W. Corley,* for appellants.

*A. J. Horan,* for appellees.

ROBINSON, JUDGE:

The finding of the court below, that the deed from father to son was voluntary and fraudulent in fact, is fully sustained by the evidence.  We are not disposed to discuss uselessly this feature of the case.  It is merely the same old story of attempting to put property beyond the reach of creditors.  It suffices for us to say that the facts and circumstances are of such character as to lead a reasonable mind to the conclusion that the conveyance was made with intent to hinder, delay, and defraud creditors of the grantor.  The evidence, tested by well known principles, proves the deed to be both voluntary and fraudulent in fact.  Therefore, it is not only impeachable as to claims existing when it was made, but it is impeachable as to claims of subsequent creditors.  *Lockhard & Ireland* v. *Beckley,* 10 W. Va. 87.

The original bill set forth judgments recovered by plaintiffs against the fraudulent debtor, and prayed that the land fraudulently conveyed be sold to satisfy the same.  The amended bill brought in as defendants the holders of two other judgments against the fraudulent grantor.  That amended bill specifically set forth these last named judgments and prayed that the land be sold to pay the judgments held by plaintiffs and these new

defendants. Thus the judgment claims of these defendants
were impleaded in the cause. There is no contention that the ,
judgments were barred by the statute of limitations at the time
these judgments were so impleaded, and process was served on
the defendants holding them. But when answers were filed in
the cause by the defendants claiming under the judgments,
time sufficient to bar the judgments had run, unless the filing
of the amended bill in relation to them stopped the running of
the statute. The debtor pleaded the statute of limitations. The
court held that the judgments were not barred. The decree
makes them charges against the land. It is earnestly submitted
that there is error in this particular.

Did the impleading of the judgments by the amended bill,
with prayer therein that they be satisfied out of the land, and
the making of the holders of the judgments parties defendant to
the cause, stop the running of the statute? We answer the
question in the affirmative. Plaintiffs recognized that the
defendants brought in by the amended bill were entitled to
charge the land with the liens of their judgments in case the
deed should be set aside as fraudulent. Plaintiffs indeed pleaded
this fact for these defendants and asked relief in their behalf.
In other words, by the amended bill plaintiffs brought the suit
on behalf of themselves and all other lien creditors of the fraud-
ulent debtor. It is usual for one creditor so to implead the claim
of another in cases similar or analogous to the one under con-
sideration. True, the case is not a general creditor's suit, nor
one for the enforcement of judgment liens purely, but it is vir-
tually the latter when the fraudulent deed has been set aside.
We are advised of no reason why a plaintiff can not, if he so
desires, attack a fraudulent conveyance on behalf of himself
and others who would have liens on the land in case the fraud
was declared, in analogy to ordinary enforcement of liens under
Code 1906, ch. 139, sec. 7. That statute provides that one lien
holder may implead others. He may make them defendants
and bring their claims into the suit, as has been done in this
case. Thus he may submit their claims with his to the juris-
diction of the court. One so impleaded has no reason to insti-
tute an independent suit—his claim is already in litigation.
Indeed, in a regular judgment lien suit he is practically pro-

hibited by the statute from proceeding independently. *Parsons* v. *Snider,* 42 W. Va. 517. When one's claim is regularly brought into litigation where it is proper to seek its enforcement, though it be so brought in by another creditor managing the suit, the statute ceases to run against it. *Rowan* v. *Chenoweth,* 49 W. Va. 287. The claim is then in suit for its collection. Though the creditor himself has not begun the suit, it has been properly begun on his behalf. His hands are tied from instituting an independent suit. Why should time run against him? The suit has been brought for him as effectually as he could have brought it in his own behalf. A suit has been instituted on his claim. The institution of that suit stops the running of the statute of limitations.

It was not essential that the judgment liens held by defendants be asserted by answers filed in the cause. Plaintiffs had asserted these liens in the amended bill. So the fact that answers in relation to these judgments were not filed within ten years from the dates of the judgments, does not make them barred. We have shown that these judgment claims were in suit. The statute had ceased to run. The answers did not originally put them in suit.

In *Forman* v. *Brewer,* 62 N. J. Eq. 748, a case very similar to the one at hand is found. There the judgments were impleaded by the plaintiff's bill within the period of the statutory limitation. It was urged that the judgments were barred when the answers in relation to them were filed. But the court held that the statute ceased to run when the bill impleaded the judgments for adjudication in relation to the land involved. Quite applicable here is the principle announced in that case. "When a claim is submitted to the jurisdiction of a court for determination, the common statute of limitations, and the analogous bars and presumptions in equity and at law, are regarded, for all purposes of the pending litigation, as having ceased to operate against the claim, so that, if it be not then barred, the subsequent lapse of time will not defeat it."

That one lien creditor may by his bill implead the lien claim of another so as to stop the running of the statute is illustrated in a Virginia case, wherein it is held: "A suit by a sub-contractor to enforce a mechanic's lien which has been duly

recorded, to which the general contractor is made a party defendant, and his recorded lien properly set forth in the bill, stops the act of limitations from running not only on the complainant's lien, but also on the lien of the general contractor, and all claiming as contractors under him, and operates to suspend any further suit by any one or more of them during the pendency of the suit instituted by the subcontractor." *Spiller* v. *Wells,* 96 Va. 598. A remark by Judge Keith in that case fittingly applies to this suit: "While the suit is not a general creditor's bill, and did not affect the statute of limitations as to creditors not named as parties to it, there can be no doubt that as to liens claimed by parties to it, and directly involved in the suit, the statute ceased to run upon its institution."

A considerate examination and review of the whole record leads us to an affirmance of the decree.

*Affirmed.*