ELMER G. JOHNSON et al., Appellees, v. A. G. TRUMP et al., Appellants.

**VENDOR AND PURCHASER: Deficient Acreage—Recovery—Mutual**
1 **Mistake—Evidence.** Evidence reviewed and *held* to show a mutual mistake in the acreage sold and consequent justification, under the contract in question, for a recovery for the deficiency.

**JUDGMENT: Conformity to Pleading—Prayer for Unauthorized Re-**
2 **lief—Effect.** A prayer for greater relief than one is entitled to

is no obstacle to a judgment for the relief to which he is entitled. (Sec. 3639, Code, 1897.)

PRINCIPLE APPLIED: Plaintiff pleaded that he and defendant were mutually mistaken as to the acreage of land bought and paid for, and that the deed to the land contained an erroneous description. He prayed (a) for reformation of the deed, and (b) for recovery of damages for the shortage. He failed to prove the error in the deed. *Held,* the failure did not prevent a judgment for his damages.

*Appeal from Lucas District Court.*—HON. D. M. ANDERSON, Judge.

WEDNESDAY, OCTOBER 20, 1915.

ACTION to reform a contract for the sale of land and for judgment for damages due to shortage in acreage. Decree was entered as prayed. The defendants appeal.—*Affirmed.*

*Stuart & Stuart,* for appellants.

*Hickman & Wells,* for appellees.

LADD, J.—On December 31, 1910, plaintiff, E. G. Johnson, entered into a contract with defendants for the purchase of a tract of land described as the E ½ of the S W ¼ of Section 6, Township 71, Range 21, in Lucas county, for the designated consideration of $8,600. Subsequently, in February following, defendants conveyed said land by warranty deed reciting a like consideration. Thereafter, an action at law for the damages due to a shortage of 4.34 acres was instituted and a judgment therefor reversed by this court, owing to the omission in the petition of any allegation of fraud or mistake. *Johnson v. Trump,* 161 Iowa 512. Upon remand to the district court, the plaintiff filed a substituted petition, in which the purchase of the land at the agreed price of $107.50 per acre was alleged, and also that $8,600 was inserted as the purchase price through mutual mistake in assuming that there were

80 acres included in the description, whereas there were only 75.66 acres, and the prayer was that the consideration be changed to $8,133.45, and the description be reformed so as to read: "That part lying north of the highway south of the E ½ of the S W ¼ of the section named." The allegations of the petition were put in issue by the answer. Upon examination of the evidence, we have no difficulty in reaching the conclusion that there was a mutual mistake as to the acreage. The testimony that the purchase price was $107.50 per acre, that this was stated to the scrivener who drew the contract, and that he ascertained the consideration by computing an acreage at that price, is undisputed, unless it can be said that McMaines' failure to remember put it in issue. All parties supposed that there were 80 acres. One surveyor swore that there were but 75.66 acres, and the other, 75.48 acres, and, regardless of the purpose of these surveys, there was no other evidence on that subject. But it is contended on the part of defendants that McMaines was not their agent and that Thorp sold at the price of $8,600 for the entire tract. It appears that, at defendants' instance, McMaines had previously offered the land for sale by the acre, at auction, and Thorp swore that he subsequently had employed him to find a purchaser, for which services he was to pay a commission of $1 per acre. McMaines testified to having told Trump that the price was $107.50 per acre before the deal was closed by the execution of the contract, but Trump denied this and said that McMaines stated to him that "$8,600 is every penny Johnson will pay for the land," and did not mention the price per acre.

1. VENDOR AND PURCHASER: deficient acreage: recovery: mutual mistake: evidence.

In view of the offer of the land by the acre at auction, the circumstance that payment of commission was by the acre and that it was so sold, we are satisfied that Trump was informed of the actual terms of the agreement. It follows that the mistake in the price inserted in the contract was mutual. Of course, both acted on the supposition that the description

was of 80 acres. But for this, there would have been no mistake. There was a highway along the south boundary and, south of this, a hedge fence, which had been acquiesced in as the true line, beyond which defendants made no claim and to which no title passed under the deed to plaintiffs. Manifestly, then, there was no occasion for reforming the description of the land, for it was accurately described by use of the government subdivisions. The mere fact that a mistake therein was alleged and reformation prayed did not obviate the award of relief to which plaintiffs were entitled. Section 3639, Code. This disposes of much of appellants' argument. The cause is not like that of *Brintnal v. Briggs*, 87 Iowa 538; for there the portion sought to be inserted in the contract was omitted by agreement. Nor is there anything in the former opinion inconsistent with our conclusion herein. The case is like *Rathke v. Tyler*, 136 Iowa 284, in its facts, and, following that decision, judgment was rightly entered as prayed. See also *Fisher v. Trumbauer*, 160 Iowa 255, 263. The evidence of mutual mistake was clear and satisfactory, and the judgment should be and it is—*Affirmed*.

*2. JUDGMENT: conformity to pleading: prayer for unauthorized relief: effect.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.