TILLIE M. HENN, Administratrix, et al., Appellees, v. DAVID D. McGINNIS, Appellant, et al., Interveners.

VENDOR AND PURCHASER: Performance of Contract—Excess in
1  Acreage—Mutual Mistake—Relief.   One who agrees to pay a specified price per acre for a specifically described tract of land, on the mistaken assumption, mutually indulged in by both buyer and seller, that the tract contained a certain acreage, must, on discovery of an excess acreage, pay the deficiency, even though such discovery is not made until after payment has been made and deed has been issued.

PRINCIPLE APPLIED:   The land in question was of irregular shape, and had been in the same family for many years. It was entered on the public records as containing 32.44 acres. All members of the family supposed these figures were correct, and the land as 32.44 acres passed to the mother, on the death of the father, who owned it, as part of her one-third share. The mother died, and the tract was ordered sold to·pay debts. A son agreed to buy.   All parties interested then believed the tract contained but 32.44 acres, though no acreage was mentioned in the contract.   The land was specifically and correctly described in the contract.   The contract to buy was "For the consideration of $110 per acre, amounting to $3,568.40 which said consideration said party of the second part hereby agrees to pay."

Payment was made, and deed duly delivered.   Immediately thereafter, it was discovered that the tract contained 41.69 acres.

*Held*, the buyer must pay the deficiency.

EVIDENCE: Parol as Affecting Writing—Merger.   Principle recog-
2  nized that a written contract works a merger of all prior oral negotiations.

VENDOR AND PURCHASER: Rescission by Vendor—Mistake in
3  Acreage—Re-Computation of Consideration.   One who has ·spe-

cifically agreed to sell a specified tract of land for a stated price per acre may not rescind upon discovering that the tract contains more acreage than he and the buyer mutually supposed. The sale right of the seller, if payment has been made and deed, passed, is 'to have a *re-computation* of the consideration on the basis of the correct acreage.

**TRIAL: Method of Trial—Law (?) or Equity (?)—Undoubted Liability—Effect.** A defendant may not complain that he was kept on the equity side of the calendar, when the record establishes his absolute and definite financial liability to plaintiff, irrespective of calendars.

**EXECUTORS AND ADMINISTRATORS:** Sales and Conveyances **—Unauthorized Intervention.** Claimants against an estate may not intervene in a proceeding to sell the *admitted* lands of the deceased in order to pay debts, and establish a claim to any part of the funds on the grounds that the deceased acquired such lands from her deceased husband, as part of her distributive share, and that, in setting off said lands to her, a mutual mistake was made and she was given an excess acreage, and that claimants are entitled to the value of the excess as heirs of the husband.

*Appeal from Page District Court.*—THOMAS ARTHUR, Judge.

DECEMBER 18, 1917.

SUIT in equity to reform a contract for the sale of real estate on the ground of mutual mistake as to the acreage in the tract sold. The defendant denies that there was any mistake, and especially denies that there was any mistake on his part. There was a decree for the plaintiff, and the defendant appeals.—*Affirmed.*

*Orr & Turner* and *John McLennan,* for appellant.

*Scott & Peters,* for appellees.

1. VENDOR AND PURCHASER: performance of contract: excess in acreage: mutual mistake: relief.

EVANS, J.—I. The plaintiff is the administratrix with will annexed of the estate of Martha J. McGinnis, who was the mother of all the parties hereto. As such administratrix, she brought a proceeding asking for authority to sell certain real es-

tate for the payment of debts, and such authority was accordingly granted. In pursuance thereof, she sold a certain tract to her brother, David D. McGinnis, defendant herein, at an agreed price of $110 an acre. A written contract of sale was first entered into. Pursuant thereto, a deed was later executed and delivered. At the time that the contract was entered into, both parties believed that the tract in question contained 32.44 acres; and such was their belief when the deed was executed, a month or so later. The claim of mutual mistake is based upon the fact that, notwithstanding such belief of both parties, the tract in question in fact contained 41.69 acres. The plaintiff, having settled with the defendant on the basis of 32.44 acres at $110 per acre, brought this action for relief in equity.

The material facts in the case are not greatly in dispute. It appears that the tract in question had been owned in the family for many years. It had been originally a part of the farm of the father of these parties, who died in 1903. Martha J. McGinnis being the surviving spouse, this tract was included in her distributive share. It was an irregular tract, so far as its boundaries were concerned, being located upon the state line between Iowa and Missouri. It had been entered upon the public records as an irregular survey, and the acreage thereof had been entered upon the same records as being 32.44. These figures had been accepted as correct by the family for many years, and the tract was included in the distributive share of the mother, many years ago, upon that acreage basis. Immediately after the delivery of the deed to the defendant, and the receipt of the consideration from him of $3,568.40, the plaintiff discovered the alleged mistake. There is no dispute in this record but that the tract contains in fact 41.69 acres. There is no dispute but that the contract and deed contained the correct description of the tract. The only

dispute that appears in the evidence is as
to what was actually said between 'the par-
ties prior to their entering into the written
contract. For the plaintiff, it is made to
appear that an oral agreement was reached on the basis of
$110 an acre for the tract. The defendant testified that
all that he ever agreed to in advance of the written contract
was that he would pay from $100 to $110 an acre for the
place, if he was satisfied with it when he looked it over.
He also testified that he had made up his mind that he
would pay $3,568.40 for the tract, and no more. He fur-
ther testified that he would not have paid any greater sum
for it, even if he had known that it contained more than
32.44 acres. We do not regard the 'dispute at this point
as very material, because whatever was said between the
parties was merged in the written contract, and such writ-
ten contract itself shows that the parties had agreed upon
$110 per acre. Such contract recites an agreement of sale
of the tract, correctly described, "for the consideration of
$110 per acre, amounting to $3,568.40, which said consid-
eration said party of the second part hereby agrees to pay
to the said party of the first part as follows:"

It will be seen from the above that the
contract expressly called for $110 per acre.
The contract does not in terms state the
acreage. It does purport to make the com-
putation of the sum total at $3,568.40.
Taking this sum total and the price per acre
at $110, it shows that the computation was made upon the
basis of an acreage of 32.44. The only equitable relief
asked by the plaintiff is to correct the computation in the
contract as having been made upon a wrong basis. We see
very little standing room for the defendant in his resist-
ance to her claim. It is urged for him that, if it was a mu-
tual mistake, the plaintiff is not entitled to specific per-

*Margin notes:*

2. EVIDENCE: parol as af-fecting writ-ing: merger.

3. VENDOR AND PURCHASER: rescission by vendor: mis-take in acre-age: re-com-putation of consideration.

formance; that the utmost she is entitled to would be a
rescission.  There might well be a case of mutual mistake
where rescission would be the only remedy available to
the injured party, on the ground that, by reason of the
mutual mistake, the other party had never agreed to the con-
tract in its corrected form.  But in the case before us, the
defendant did agree to purchase the tract, and all of it, at
$110 per acre.  Strictly speaking, the mutual mistake was
not in the contract proper, but in the computation made
pursuant to the contract.  The fact that such computation
was inserted in the contract made it no less a computation,
in view of the fact that the rate per acre was specifically
agreed upon.  In any view of the case, the utmost that the
defendant could contend for would be the right of election
between a rescission and performance on his part.  The
plaintiff could not have demanded a rescission.  Notwith-
standing the mutual mistake, she was still bound to con-
vey at $110 per acre.  Having no right to rescind, it were
an idle ceremony on her part to offer to rescind.  We think
it clear, therefore, that she asked for the only relief to
which she was entitled: namely, a correction of the com-
putation and the adoption of the correct acreage as a basis
of such computation.  Being entitled to this relief, it nec-
essarily follows, under the undisputed evidence, that she
was entitled to recover the unpaid purchase money, amount-
ing to $1,017.50.

Some question is raised as to her right
to the equity side of the court.  Complaint
is made here because the court refused to
transfer the case to the law side.  This
question has little importance to the de-
fendant.  If the case were pending on the law side, the
plaintiff would, nevertheless, be entitled to judgment, un-
der the undisputed evidence.  Moreover, it appears that
the trial court overruled the motion to transfer, because

4. TRIAL: meth-
od of trial:
law (?) or
equity (?):
undoubted lia-
bility: effect.

not made in time. If reformation was necessary in order to entitle the plaintiff to the relief prayed, then clearly she was properly on the equity side. If reformation was not necessary in order to enable her to obtain such relief, it was because the contract entitled her to the relief without reformation. The general rule appears to be that, for relief on the ground of mutual mistake, the injured party may elect either the law or the equity side of the court. *Fisher v. Trumbauer & Smith*, 160 Iowa 255; *Rathke v. Tyler*, 136 Iowa 284. See also *Johnson v. Trump*, 172 Iowa 251. We think the decree of the district court allowing recovery for the excess acreage was right.

II. Samuel J. McGinnis and William J. McGinnis have intervened. They appear as heirs of their father. They aver that, in the distribution of their father's estate, this tract was included in the distributive share of Martha J. McGinnis as 32.44 acres. They contend, therefore, that whatever excess is now found to exist in such tract equitably belongs to the heirs of their father's estate. If the argument be conceded, the petition of intervention has no place in this case.

5. EXECUTORS AND ADMINISTRATORS: sales and conveyances: unauthorized intervention.

The land did belong to the estate of Martha McGinnis. It was sold by plaintiff under the order of the probate court for the purpose of paying debts. She was bound to account for it accordingly. To allow the intervention would be to absorb the fund created by the probate court for such purpose. If, as heirs of their father, interveners have a legitimate claim against the estate of their mother, there is an appropriate way to make it. We think their petition herein was properly dismissed. For that reason, the decree below is, in all respects,—*Affirmed*.

GAYNOR, C. J., LADD and SALINGER, JJ., concur.