JOHN A. BOONE and WM. T. BOONE *v.* WALTER H. BOONE *et al.*

(No. 9212)

Submitted October 14, 1941. Decided November 25, 1941.

*Leo Loeb, Samuel Biern* and *John A. Lile,* for appellants.

*R. N. Stephens, Jr.,* for appellees.

698

RILEY, JUDGE:

John A. Boone and William T. Boone brought this suit in equity in the Circuit Court of Greenbrier County against Walter H. Boone, Myrtle Boone Pool, Thomas Boone, as executor of the wills of R. H. Boone and Sallie R. Boone, respectively, and others, for the purpose of subjecting the real estate of which R. H. Boone and later Sallie R. Boone died seized to the payment of the former's debts, including one evidenced by a note in the principal amount of $2,600.00, bequeathed to plaintiffs by their mother, Tola A. Boone, the payee. From a decree sustaining exceptions to the commissioner's finding in favor of plaintiffs' claim and decreeing that said claim was barred by the statute of limitations and is not a valid and subsisting lien against said real estate, this appeal is prosecuted.

On April 9, 1926, R. H. Boone executed and delivered the note, upon which plaintiffs' claim is based, payable one day after date to the order of Tola A. Boone. He died testate in 1933, leaving all of his property, subject to his indebtedness, to his wife, Sallie R. Boone, who died the following year, leaving by will the greater part of her estate to a son and a daughter, the defendants Walter H. Boone and Myrtle Boone Pool. Both estates were referred to J. E. Bass, a commissioner of accounts, who fixed a time and place when and where claims against the estates might be presented, examined and allowed, and published notice in accordance with Code, 44-2-2. As provided by Code, 44-2-4, the executor of both estates filed with the commissioner a list of all known creditors and all beneficiaries. Solely upon the strength thereof, and certain correspondence with the executor, the commissioner made up his report, in which he listed a debt to Tola A. Boone, in the amount of $2,600.00, with $1,190.80 interest, totalling $3,790.80. On July 2, 1935, this report was filed with the County Court of Greenbrier County, and confirmed without exceptions. It does not appear therein that the Tola A. Boone claim was proved by affidavit and the note itself, or a copy thereof, as provided by Code, 44-2-5.

On July 2, 1936, Tola A. Boone brought a suit in equity in the Circuit Court of Greenbrier County against Thomas Boone in his own right and as executor of the estate of R. H. Boone and others, for the purpose of subjecting decedent's real estate to the payment of debts. In her bill of complaint, she asserted the allowance of the claim by the commissioner of accounts and confirmation by the county court. Because of procedural defects that suit was dismissed on August 8, 1936, without prejudice and with leave to institute a new suit.

Tola A. Boone died in Kentucky on December 17, 1936, leaving a will in which she devised and bequeathed all of her property to her two sons, the plaintiffs herein. Her will was admitted to probate in Kentucky on December 28, 1936, and on May 11, 1937, by proper authenticated copy, admitted to probate and record in Greenbrier County.

In this suit plaintiffs filed a bill of complaint and later an amended bill. In the former pleading they allege the allowance of their claim by the commissioner of accounts, and in the later pleading aver it is based on the note of 1926, in which their mother, Tola A. Boone, was payee.

Myrtle Boone Pool filed an answer and cross-bill, in which she averred that, until the present suit was instituted, she had no knowledge or notice of any kind that the estates of R. H. Boone and Sallie R. Boone had been, or were ever referred to a commissioner of accounts, or that the commissioner had made up his report therein; and that no notice was given by the commissioner as required by law. She further charged that neither plaintiffs, their mother, Tola A. Boone, nor any of them, nor any one for them, presented to or filed with the commissioner of accounts a claim against the estate of either R. H. Boone or Sallie R. Boone; that if the claim was allowed, such allowance was void; and that if a note dated April 9, 1926, was ever given, as plaintiffs allege, it is barred by the statute of limitations. This pleading contains a prayer that the accounts of the executor and report of the commissioner of accounts be surcharged and falsified as to the matters alleged, and that the order of the county

court purporting to approve the alleged Tola A. Boone claim be decreed null and void, set aside and vacated.

From this record it is quite apparent that unless the filing by the executor of the list of creditors, which included Tola A. Boone, served to toll the statute of limitations, it is barred because both this and the Tola A. Boone suit were instituted after the expiration of the ten-year statutory period. Under Code, 44-4-13, a personal representative, guardian, curator or committee shall be allowed no credit for any debt paid by him, the recovery of which could have been prevented by reason of illegality of consideration, or lapse of time, or otherwise, if he knew, or by the exercise of due diligence could have ascertained, the facts by which the same could have been prevented. Thus it has been held that an executor or administrator cannot make a new promise to pay the debt of his decedent either before or after the debt has been barred by the statute of limitations. Pt. 1, Syl., *Findley* v. *Cunningham,* 53 W. Va. 1, 44 S. E. 472, L. R. A. 1915B, 1018n, 1035n. His duty, under the statute, is to contest all doubtful claims and pay only those which are properly proved and allowed (*Hale* v. *White,* 47 W. Va. 700, 705, 35 S. E. 884); and he is liable for any losses incurred by the estate caused by his negligence or improper conduct. *Davis* v. *See,* 119 W. Va. 490, 194 S. E. 271; *Brewer* v. *Hutton,* 45 W. Va. 106, 107, 116, 30 S. E. 81, 72 Am. St. Rep. 804. In filing the list of creditors, the executor here was simply complying with the statute. Even if so intended, the performance of this duty of itself did not serve to bind the estate, or toll the statute of limitations.

But counsel say that the commissioner failed to mail notices to plaintiffs' mother, as provided by Code, 44-2-4. This contention is of no avail. That section provides, "failure to mail, or to receive, such notice shall not relieve any creditor, distributee or legatee of the duty to present and prove his claim as required by such notice * * *."

Construing Code, 44-2, as a whole, we think that Sections 5 and 18 thereof are controlling of this case.

Section 5 provides that, "Every claim against the

estate of a decedent shall be itemized, accompanied by proper vouchers, and verified by the affidavit of the creditor stating the character of the claim, whether open account, note, * * * and the amount thereof, and from what date and on what items interest runs and at what per cent per annum, and stating further that the claim is just and true, and that the creditor, or any prior owner of the claim, if such there was, hath not received any part of the money stated to be due, or any security or satisfaction for the same, except what is credited." It further provides that, "* * * vouchers for a * * * note * * * shall be the instrument itself, or a true copy thereof, verified by the commissioner * * *." The foregoing requirements of the statute are mandatory. To the effect that statutes which require claims against a decedent's estate to be presented within the time specified by published notice to creditors, and, if founded on a written instrument, to be accompanied by a copy of such instrument, are mandatory, see *State of Montana, etc., v. District Court, etc.,* 90 Mont. 281, 1 Pac. (2d) 335, 76 A. L. R. 1371, and note thereto; *Roberts v. Flatt,* 142 Ill. 485, 32 N. E. 484 (aff. 42 Ill. App. 608); *Henn v. McGinnis,* 182 Ia. 131, 165 N. W. 406; *Farmers' Savings Bank v. Burgin,* 73 Mo. App. 108; *Price v. McCause,* 30 Mo. App. 627; *In re Dios,* 24 Phillipine 573, 576. For discussion of the general rule that an administrator or executor can not waive the effect of a statute of "non claim," see 21 Am. Jur., Executors and Administrators, Section 413. Notwithstanding the pertinent provisions of the statute there was no compliance therewith in essential particulars.

The case of *Davis v. Halstead,* 70 W. Va. 572, 74 S. E. 725, cited by plaintiffs' counsel in support of their position that the inclusion of the name of Tola A. Boone in the list of creditors filed by the executor, and the confirmation of the report operated to toll the statute of limitations, is not in point. That case held: "When a judgment claim against a fraudulent grantor is impleaded by the bill in a suit attacking the fraudulent conveyance, and the party holding the judgment is made a defendant, the statute of limitations ceases to run against the judgment

*though no answer has been filed asserting it."* The distinction lies in the rule that under Code of 1906, Ch. 139, Section 7, providing that in a suit to enforce liens, one lien creditor may implead another, and where the latter is so impleaded, so this court said in the *Davis* case, opinion, pages 574 and 575, "His hands are tied from instituting an independent suit * * *. The suit has been brought for him as effectually as he could have brought it in his own behalf." By analogy, the Court applied the rule to a suit to set aside a fraudulent conveyance, where the bill impleaded a lien other than his own.

The first sentence of Section 18 provides, "After preparing his report of claims the commissioner shall give notice thereof, either verbally or in writing, delivered personally or by mail, to all parties interested or their attorneys, and hold the report and the evidence taken in connection therewith in his office for ten days for the examination of parties interested." The foregoing section also provides the right to file exceptions, within the said ten-day period, before the commissioner; and, in addition, the right to file further exceptions before the county court between the time of the return of the commissioner's report to said court and its action thereon. Neither the order of the county court, the commissioner's report nor the record before the county court discloses any compliance with this statute. Therefore, defendants say, and they are amply sustained by the record, that they had no opportunity to except to the report. They further say the order confirming the report did not become final, subject to appellate review, under Code, 44-2-19. This position is well taken, if the provision as to notice is mandatory, and we think it is. When the legislature used the words "the commissioner shall give notice" of the completion of his report, it did so advisedly. The clear legislative intent, it seems to us, is that the notice required by Section 18 was not only mandatory, but also necessary to the establishment of plaintiffs' claim.

Our position that Sections 5 and 18 are mandatory finds support in the Revisers' Note appearing at the heading of Code, 44-2: "The sections of this article, except 21, 22, 23

and 25, are new. They provide a new method for the reception and disposition of claims against estates of decedents. This new method is designed to relieve personal representatives of the great responsibility and liability that former laws imposed on them; to relieve distributees of the hardship of giving refunding bonds; and to furnish an expeditious and more modern means, under judicial guidance (as far as constitutional restrictions permit), of closing up estates."

We think, therefore, plaintiffs are precluded from a successful maintenance of this suit, unless the county court's order should prevent defendants from having an inquiry made into the proceeding had before the commissioner. Notwithstanding what has been said, plaintiffs assert that for the reasons stated defendants are precluded from making any attack on the court order. If county courts were of general jurisdiction and the allowance of plaintiff's claim and the confirmation thereof a judicial act, beyond legislative supervision, its order confirming the report would stand as an impregnable wall against the instant attack. *Slater* v. *Melton,* 119 W. Va. 259, 193 S. E. 185, and cases cited on page 262. In the case, however, of courts whose jurisdiction is limited, the jurisdictional facts must appear of record in order to create the presumption of jurisdiction. Point 2, syl., *Slater* v. *Melton, supra,* and cases cited on page 262. See generally, 2 Cooley's Constitutional Limitations (8th ed.), page 858.

Though formerly county courts had unlimited jurisdiction, their jurisdiction was clearly delimited by amendment to the Constitution made in 1880. Thereby they became, to a large extent, courts of limited jurisdiction. What powers they now have are prescribed by Section 24, Article VIII, West Virginia Constitution. *Mayer* v. *Adams,* 27 W. Va. 244, 251; *Hawley* v. *Falland,* 118 W. Va. 59, 62, 188 S. E. 759. The amendment, however, did not take from these courts their ancient jurisdiction as to all matters of probate, the appointment and qualification of personal representatives, guardians, committees and curators, and the settlement of their accounts. True, it may be said

as to these matters county courts in regular, as distinguished from special session have general or unlimited jurisdiction. In the exercise of this jurisdiction they have judicial powers. *In re Long's Estate,* 122 W. Va. 473, point 2, Syl., 10 S. E. (2d) 791, modifying point 3, syl., *Steber* v. *Combs,* 121 W. Va. 509, 5 S. E. (2d) 420. Thus it has been held that, in the appointment of a personal representative at a regular session, a county court has general jurisdiction. *Tomblin* v. *Peck,* 73 W. Va. 336, 340, 341, 80 S. E. 450; that the appointment of a committee for a person *non compos mentis,* regularly made by a county court *in the manner prescribed by law,* can not be attacked collaterally, point 2, Syl., *Doak, Admr.* v. *Smith,* 93 W. Va. 133, 116 S. E. 691; and that for the purpose of making a levy, a county court "is not a special tribunal established for that special purpose, but for that purpose is a court of general jurisdiction; and its act in laying such levy * * * can not be attacked in any collateral proceeding." *County Court of Pleasants County* v. *Brammer, Assessor,* 68 W. Va. 25, point 2, Syl., op. 29, 69 S. E. 450. Notwithstanding the broad language in the opinion in *Evans* v. *Johnson,* 39 W. Va. 299, 305, 19 S. E. 623, 23 L. R. A. 737, 45 Am. St. Rep. 912, which we disapprove, this Court, as presently constituted, is of the opinion that county courts in all matters of probate, the appointment of the fiduciaries named in said Section 24 of the Constitution, and the settlement of their accounts, are courts of record, vested with judicial powers and unlimited in their jurisdiction, where, in regular session, jurisdiction of both subject matter and parties is had.

In saying that county courts have general jurisdiction of the settlement of the accounts of fiduciaries, we mean only that once jurisdiction has been attained of both the subject matter and parties, it is unlimited. But the constitutional delegation to county courts, as to the settlement of fiduciary accounts, is tersely stated. Section 24 contains no direction as to the procedure to be followed in the settlement of estates in county courts. In fact, it does not expressly delegate to or withhold from the legislature the power to enact laws providing for an orderly

method of determining the settlement of estates. Quite often the courts of this state of unlimited jurisdiction, both this court and the circuit courts, have been subjected to legislative supervision. A few of many examples are the statutes providing for notices of motion for judgment on contracts, Code, 56-2-6; service by process and order of publication, Code, 56-3; commissioners in chancery and for stating accounts, Code, 51-5; bills of exceptions, Code, 56-6-35; certificates in lieu of bills of exceptions, Code, 56-6-36; and appeals from courts of record of limited jurisdiction, Code, 58-4. Notwithstanding Section 24 does not expressly provide that the jurisdiction of county courts as to matters of probate, the appointment and qualification of the fiduciaries named therein, and the settlement of their accounts, shall be exercised under such regulations as may be prescribed by law, we think, there is a clear implication to that effect, and that the legislature had supervisory power to enact the statute under construction. We say this because a state constitution is a restriction of power, as distinguished from the United States Constitution, which is a grant of power. Courts therefore will look to the former to see what the legislature may not do, and to the latter to see what Congress may do. *State Road Commission* v. *Kanawha County Court,* 112 W. Va. 98, 163 S. E. 815, citing *Ex Parte Stratton,* 1 W. Va. 304, 305; *Ex Parte Hunter,* 2 W. Va. 122, 161; 1 Cooley's Constitutional Limitations, 8th ed., 354-356. In the first mentioned case, this Court held in point 9, syl., that, "Constitution, Article VIII, section 24, does not rid county courts of legislative supervision." The legislature, having prescribed the procedure to be followed in the settlement of an estate, first before a commissioner, and then in the county court, compliance with the provisions of the statute as to proof of claims and notice of the completion of the commissioner's report is necessary to the county court's jurisdiction, both of the subject matter and the parties. The order in question simply confirms the commissioner's report. It does not mention the Tola A. Boone claim. Neither it, nor any

other part of the record, discloses any compliance with the mandatory provisions of the statute. Therefore, we are constrained to hold that the record in the county court discloses that the court had no jurisdiction of plaintiffs' claim.

Because the county court's order contains no express adjudication of the Tola A. Boone claim, plaintiffs, for the purpose of avoiding the effect of the statute of limitations, rely upon the commissioner's report solely for the purpose of establishing that the claim was included in the list filed by the executor and allowed by the commissioner. This position, to be successful, would have required the circuit court to consider only the part of the report favorable to the plaintiffs without considering the report as a whole, which, as suggested, discloses a noncompliance with the provisions of the very statute under which they seek to uphold their claim. Under these circumstances, we are of opinion that the county court's order is open to the attack made upon it in this suit. We are not, under the present state of facts, required to, and, of course, should not, decide what our decision would be if the order of the county court expressly adjudicated plaintiffs' claim, and had recited compliance with the statute in question.

As we view this case, the claim was never proved before the commissioner nor determined in the county court, and therefore it is barred by the statute of limitations and was properly disallowed by the circuit court's decree. The decree did not provide for the dismissal of the bills of complaint. This, of course, was proper for the reason that this case is to be distinguished from the cases of *Burdett, Guardian* v. *Cain, Admr.,* 8 W. Va. 282; *Jones* v. *Comer,* 123 W. Va. 129, 13 S. E. (2d) 578; *Crook* v. *Ferguson,* 123 W. Va. 490, 16 S. E. (2d) 620; and *Ebbert* v. *Westfall,* decided contemporaneously herewith, in which the plaintiff therein had no interest in the subject matter of the litigation.

We are therefore of opinion that the decree of the circuit court, in so far as it invalidates plaintiffs' claim

should be, and the same is, affirmed. We do not decide as to the other matters contained therein, as they are not embraced in this appeal.

*Affirmed.*