# CHARLESTON.

R. P. PAGE, ADMR., *etc.,* v. HARLOW H. HUDDLESTON *et als.*
(C. C. 343.)

Submitted January 20, 1925. Decided February 3, 1925.

COURTS—*When County Courts Have Original Jurisdiction in all Matters of Probate, Appointment and Qualification of Personal Representatives in Settlement of Their Accounts Stated.*

By reason of Section 24, Article 8 of the Constitution of West Virginia, and the statutes enacted in pursuance thereto, county courts have original jurisdiction in all matters of probate, the appointment and qualification of personal representatives and the settlement of their accounts, and that, except where courts of equity are given jurisdiction by statute, as in chapter 86, section 7, and chapter 87, section 32, Code, and in special cases based on some distinctive and independent ground of equitable cognizance, which is of material aid to a pending

administration or which removes an impediment from a final settlement of the estate, such as a construction of a will, fraud, waste, and the like; all such matters, shall in the first instance be adjudicated in the county court.

(Courts, 15 C. J. § § 581, 582, 583. Equity, 21 C. J. § 101.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Case Certified from Circuit Court, McDowell County.

Bill by R. L. Page against Harlow H. Huddleston and others. The trial court overruled a demurrer to the bill, and certified its ruling for review.

*Ruling reversed.*

*Strother, Sale, Curd & Tucker,* for plaintiff.
*Partlow & Christie,* for defendants.

WOODS, JUDGE:

This cause comes here on certificate. One of the defendants, John C. Summers, demurred to the plaintiff's bill assigning as grounds of demurrer the fact that the circuit court of McDowell county had no jurisdiction herein, but that the jurisdiction to distribute the estate of Joseph A. Huddleston, deceased, involved herein, was in the county court of McDowell county and not in said circuit court. The demurrer was overruled.

A question of pleading here presents itself. Chapter 125, Section 16, Code, provides that where the declaration or bill shows on its face proper matter for jurisdiction, no exception for want of jurisdiction shall be allowed unless it be taken by plea in abatement. This court has so held in *Bank* v. *Gettinger,* 3 W. Va. 309. The statute heretofore referred to says such plea in abatement shall not be received after the defendant has pleaded in bar, or answers to the declaration or bill, or later than the next succeeding rules after the rules at which a rule to plead or a conditional judgment or decree *nisi* is entered. This bill was filed at October rules, 1924, and decree *nisi* taken thereon. At November rules following, the order of publication was returned executed and the cause set for hearing. The demurrer was heard in open court on December 22,

1924. If a plea in abatement is necessary to raise the question of jurisdiction, it is apparent that the time has passed for its filing. In *Pennington* v. *Gillaspie,* 63 W. Va. 541, 61 S. E. 416, it is held that if a declaration shows jurisdiction on its face, no exception to the jurisdiction of the court can be taken otherwise than by plea in abatement. The Supreme Court of Virginia has held: ''Objection for want of jurisdiction of the question at issue may be made anywhere, or in any way, and at any time, and the Supreme Court of Appeals will, of its own motion, take judicial notice of the lack of such jurisdiction of the trial court.'' *Commonwealth* v. *Lorillard Co.,* 129 Va. 74, 105 S. E. 683; *Thacker* v. *Hubard,* 122 Va. 379, 94 S. E. 929. The distinction seems to be, in fact our statute says, that where the bill shows on its face proper matters for jurisdiction, a plea in abatement is the proper method of raising the question. In the instant case it is contended that the bill on its face shows the want of jurisdiction. Hence, demurrer would reach it, and the rule announced by the Virginia courts would obtain.

We now reach the vital question at issue in this suit. The bill on its face shows that it is brought for the sole purpose of administering the estate of J. A. Huddleston, deceased, and making distribution thereof, and the county court of McDowell county is sought to be enjoined from taking and exercising further jurisdiction in the administration of said estate. On the face of the bill has the circuit court jurisdiction? This is the sole question to be determined. Article 8, Section 24, of the Constitution of West Virginia, provides that county courts ''shall have jurisdiction of all matters of probate, the appointment and qualification of personal representatives, guardians, committees, curators, and the settlement of their accounts.'' By the Acts of 1872-3, Chapter 136, the circuit court was given concurrent jurisdiction with the county court on all matters of probate of wills, appointment and qualification of personal representatives, guardians, committees or curators and the settlement of their accounts, This act was repealed by the Acts of 1882, Chapters 68 and 84. This law was evidently enacted to conform to the duty cast upon county court by the State Constitution, as amended in the fall of 1880. This act of the

legislature as now obtains in Chapter 87 in conjunction with
Chapter 85 of the Code forms a comprehensive law regulating
the acts of fiduciaries generally.  These two chapters provide
for the place and manner of their qualification; the appraisal
and inventories of the estates committed to their care; the ac-
counting to be made by them thereunder for their acts; their
liabilities for losses sustained through negligent or improper
conduct; their duty to make proper settlement with commis-
sioners of accounts, and their liability for failure to do so; the
manner of proof of debts or demands against such estates;
their compensation and expense of administration; the confir-
mation of reports made as aforesaid; the transfer of securities
to their successors; the disbursement of balance after full
settlement; the order for payment of claims; and the right to
demand refunding bond before such payment; the division of
surplus among creditors who have proven their claims; their
liabilities for funds distributed, and right of action to them
on refunding bonds; and the order for final distribution of the
estate among those entitled thereto.  By section 32 of said
chapter it is provided, ''If any order made by the county court
under section twenty-three (relating to investment of funds),
twenty-four (relating to transfer of securities to successor),
twenty-five (relating to disbursement and balances after settle-
ment), twenty-six (relating to order of payment of claims),
twenty-seven (relating to content of such orders), twenty-
eight (relating to the division of surplus among·creditors),
twenty-nine (relating to time for distribution, and refunding
bond), and thirty-one of this chapter (relating to order for
final distribution), be not complied with, any person inter-
ested may bring a suit in chancery in the circuit court of the
county wherein such order is made, to compel compliance
therewith.  In such suit such order shall be taken as *prima facie*
correct and there shall be a decree according to said order,
except so far as it may appear upon proper pleading and proof
to be erroneous.''  Section 33 of Chapter 68 of this act pro-
vides: ''All cases and proceedings with respect to fiduciaries
pending in the circuit court, when this chapter as amended
takes effect, shall proceed therein to a final determination and
be governed by the law as it was on the day before this chap-

ter takes effect.'' Is not the intention of the legislature here shown, to take from courts of equity such jurisdiction of matters of probate and administration as they theretofore had under the statute?

Pomeroy's Eq. Jur. (4th ed.), Section 281, states the rule: ''The decisions all admit that if the statute contains words negativing or expressly taking away the previous equitable jurisdiction, or even if, upon a fair and reasonable interpretation, the whole scope of the statute shows, by necessary intendment, a clear legislative intention to abrogate such jurisdiction, then the former jurisdiction of equity is thereby ended.'' In a discussion of the jurisdiction of courts in the administration of estates, this learned author, continuing further, says: ''In many states the doctrines and rules of the law regulating the administration of decedent's estate, whether testate or intestate, have been reduced to a statutory and often to a minutely codified form. The provisions of these statutes are to a large extent the principles and doctrines concerning the subject matter which have been settled by the English and American courts of equity through a long course of decision. * * * The general effect produced by this legislative system may be briefly stated in one proposition. In a great majority of the states the original equitable jurisdiction over administrations is in all ordinary cases—that is, in all cases without any special circumstances, such as fraud, or without any equitable feature, such as a trust—either expressly or practically abrogated. The courts of equity, in the absence of such special circumstances or distinctively equitable feature, either do not possess or will not exercise the jurisdiction, but leave the whole matter of administrations to the special probate tribunals.''

However, the whole matter seems to be concluded so far as this court is concerned in *Stone* v. *Simmons,* 56 W. Va. 89, where it is specifically held that, ''In the State of West Virginia the county courts, and the clerks thereof, in vacation, have exclusive original jurisdiction in all probate matters involving the probate of wills and the ordinary administrative proceedings involved in the administration of estates.'' On examination of this case it would seem that the rule therein

announced goes farther than the facts in the case warrant. There only the appointment of a personal representative was involved. The court, in its opinion in that case, stressed the fact that county courts are provided by law with all the means necessary for the complete administration and distribution of the estates of decedents. It is for this reason principally that courts of equity refuse to exercise general probate jurisdiction. *Kieley* v. *McGlynn,* 21 Wall. 503, 22 L. Ed. 599.

By reason of the constitutional provisions conferring probate jurisdiction upon the county courts, and because of the statutes enacted in pursuance thereto, it has become the settled policy of the law of this state that, except where the circuit court is given jurisdiction by the statute as in Chapter 86, Section 7, and Chapter 87, Section 32, Code, and in special cases based upon some distinctive and independent ground of equitable cognizance, which is of material aid to a pending administration or which removes an impediment from the final settlement of the estate; as, for example, the construction of a will, fraud, waste and the like; all such matters shall, in the first instance, be adjudicated in the county court; and this appears to be the settled policy in nearly all the states of the Union. 1 Pom. Eq. Juris. (4th ed.), Sections 346-352.

The bill under consideration does not state any ground for equitable relief that would bring it within the rule herein announced. The demurrer to the bill should have been sustained. We reverse the ruling of the circuit court, and so certify.

*Ruling reversed.*