J. H. HANSBARGER, *Admr., v.* DAVID C. SPANGLER *et al.*

(No. 8311)

Submitted April 21, 1936. Decided April 28, 1936.

*M. P. Farrier,* for appellant.

MAXWELL, JUDGE:

This is an appeal from a decree of the circuit court of Monroe County making disposition of funds arising

under a policy of United States war risk insurance which had been issued to Howard Spangler who was later killed in action as a member of the United States Expeditionary Forces in France. He was unmarried and without issue. The named beneficiary in the policy was the soldier's father, James E. Spangler.

The father died in September, 1932. In December of that year, the plaintiff, J. H. Hansbarger, was appointed administrator of the personal estate of Howard Spangler, deceased. Soon thereafter, the administrator received from the United States Veterans' Bureau the sum of $3,746.00, representing the commuted value of all unpaid installments under the aforesaid policy of insurance.

The controversy involves the question of the proper manner of distribution of said fund by the administrator.

On the one hand, the fund is claimed in its entirety by Anna J. Spangler, wife of James G. Spangler, who is one of the surviving nine sons of James E. Spangler, deceased. The opposing claim is by the said surviving sons, excepting the husband of Anna.

In the face of these conflicting claims, the administrator instituted this interpleader proceeding. The disputants answered, presenting their respective contentions. The circuit court held that the nine sons of James E. Spangler, deceased, are the rightful distributees, in equal proportion, of the said fund. Anna Spangler, complaining of this result, was awarded an appeal from the trial chancellor's decree.

Anna Spangler's claim is based on James E. Spangler's last will and testament, wherein, after providing for payment of his debts and bequeathing one dollar each to nine sons, he devised and bequeathed the residue of his estate, specifically including the unpaid portion of said war risk insurance, to his daughter-in-law, Anna Spangler. In support of her claim of right to take under this bequest, she relies, first, on the World War Veterans' Act, 1924, section 303, as amended by Act of March 4, 1925 (U. S. C. Title 38, section 514), which provides

that if the designated beneficiary "survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable * * *." Secondly, she relies on the West Virginia statute of descent and distribution, Code 1923, chapter 78, sections 1 and 9. In pursuance of said statutory provisions, federal and state, the said claimant further urges (1) that on the death of the father, the unpaid portion of the insurance became the estate of Howard Spangler, deceased, as of the date of his death; (2) that the person or persons entitled under the law to take the personal estate of Howard Spangler, deceased, must be determined as of the time of his death; (3) that at his death, the father, James E. Spangler, since deceased, was entitled to take the entirety of his said deceased son's personal property; (4) that the father as such distributee was therefore entitled to make bequest of said fund.

On behalf of the claimants in opposition to Anna, it is asserted that they are the heirs at law of Howard and therefore are the persons to whom distribution of his personal estate should be made. Further, it is insisted that the matter of distribution of the personal estate of Howard Spangler, deceased, has been determined in the county court of Monroe County in a proceeding involving the settlement of said decedent's estate; that the said court referred the settlement of Howard's estate to a commissioner of accounts who gave notice as required by law and thereafter made his report in respect of claims a g a i n s t the estate and ascertained that there should be distribution of the corpus among his nine brothers in equal shares, which report was confirmed by the county court; that Anna Spangler took no exceptions to said report and made no protest against the order of confirmation. It is said that by virtue of that proceeding, Anna is precluded from pressing her claim herein.

The said proceeding in the county court was in pursuance of provisions of article 2 of chapter 44 of the Code of West Virginia, 1931. That article deals primarily

with the matter of debts against the estates of deceased persons. The article was not intended to afford a means for determining questions pertaining to the right of descent and distribution in respect of such estates. Therefore, the fact that Anna Spangler took no part in said proceeding in no manner prejudices her right in the instant case.

Under the Act of Congress, U. S. C., Title 38, sec. 514, the unpaid portion of war risk insurance, at the death of the beneficiary, becomes vested in the estate of the deceased soldier, if he died intestate as to said fund.

Therefore, we hold that upon the death of the beneficiary named in Howard Spangler's war risk policy of insurance, the unpaid residue of the fund vested in his estate for distribution among the persons who would have been entitled to the same at the time of his death.

In discussing the effect of the Congressional Act of March 4, 1925, U. S. C., Title 38, sec. 514, which, by its terms, is retroactive, the Supreme Court of the United States, in *Singleton* v. *Cheek*, 284 U. S. 493, 52 S. Ct. 257, 76 L. Ed. 419, 81 A. L. R. 923, said: "All installments whether accruing before the death of the insured or after the death of the beneficiary named in the certificate of insurance, as a result, became assets of the estate of the insured as of the instant of his death, to be distributed to the heirs of the insured in accordance with the intestacy laws of the state of his residence, such heirs to be determined as of the date of his death, and not as of the date of the death of the beneficiary. The state courts, with almost entire unanimity, have reached the same conclusion." Similarly, in *Palmer* v. *Mitchell*, 117 Ohio St. 87, 158 N. E. 187, 55 A. L. R. 566: "Under section 303 of the Act of Congress, June 7, 1924, as amended by Act approved March 4, 1925 (U. S. C., Title 38, section 514), if the designated beneficiary survives the insured, and dies prior to receiving all the installments of insurance payable, the present value of the insurance thereafter payable must be paid to the estate of the insured soldier, and, in case of his intestacy, distributed according to the law of descent and distribution in force at the date of

the soldier's death." Consult: *White* v. *Roper*, 176 Ga. 180, 167 S. E. 177; *Hunter* v. *James*, 225 Ala. 610, 144 So. 576; *In Re Hall*, 205 N. C. 241, 171 S. E. 61; *Re Will of George David Moore*, 39 N. M. 115, 41 P. (2d) 1103, 97 A. L. R. 1300; *Luster* v. *Kite*, 162 Tenn. 583, 39 S. W. (2d) 267.

Under the West Virginia statute in force at the time of the death of Howard, in the year 1918, a father was the sole distributee of the personal estate of his child who died intestate, unmarried and without issue. Code 1923, chapter 78, secs. 1 and 9.

The father of Howard Spangler occupied the dual position of beneficiary under the policy of insurance and sole distributee of the personal estate of his deceased son. During the father's lifetime, subsequent to his son's death, he (the father), only in the role of beneficiary under the policy could claim the benefits thereof; but at the father's death, the role of beneficiary immediately terminated, and his status of sole distributee of his son's personal estate became paramount. Such status afforded basis for his right to bequeath said estate. Had he left no will, the portion still due at the time of his death would have passed to his distributees. But the father had the right to make a will if he so desired. This he did. The right of the recipient of his bounty under his will stands paramount to the claims of all other persons.

For the reasons stated, we reverse the decree of the circuit court and remand the cause for further proceedings not at variance herewith.

*Reversed and remanded.*