FRANK A. HAWLEY *et al.* v. RAYMOND J. FALLAND *et al.*

(CC 565)

Submitted November 10, 1936. Decided December 1, 1936.

*McCamic & Clarke* and *Wesley R. Tinker, Jr.*, for plaintiffs.

*Riley & Riley*, for defendants.

LITZ, JUDGE:

The petitioners, Frank Hawley, Mattie Hawley Bryant, Pearl Hawley Stout, James M. Hawley and First National Bank of Eldorado, Arkansas, and J. K. Mahony, as executors of the will of George T. Hawley, deceased, seek to prohibit the County Court of Ohio County and the Honorable George C. Beneke, commissioner of accounts, from considering and adjudicating an alleged lien in favor of respondents, Thomas S. Riley, James B. Riley and Robert J. Riley, law partners under the firm name of Riley & Riley, against the interests of the relators in the estate of James L. Hawley, deceased.

The proceeding, instituted in the circuit court of Ohio County, involves the determination of the jurisdiction of a county court in the settlement of the estate of a decedent, to enforce liens asserted by attorneys against the interests of beneficaries of the estate for legal services rendered in their behalf in connection with the estate. The circuit court overruled a demurrer to the answer of respondents, Thomas S. Riley, James B. Riley and Robert J. Riley, and certified its ruling to this court for review under Code 1931, 58-5-2.

On November 4, 1930, the relators, Frank A. Hawley, Mattie Hawley Bryant, Pearl Hawley Stout, James M. Hawley and George T. Hawley, entered into a written agreement with the law firm of Riley & Riley providing: "We, the undersigned nephews and nieces of James L. Hawley, of the City of Wheeling, Ohio County, West Virginia, and each of us, do hereby employ Riley & Riley, attorneys at law, of said City of Wheeling, West Virginia, as our attorneys to represent and appear for us in all matters in which we now or hereafter may be interested, pertaining to James L. Hawley and his property and estate. Said attorneys are empowered to appear for us in all proceedings pertaining to the probate of the true last will and testament of the said James L. Hawley and

settlement of his estate, or any other matters in which we are interested in reference to said estate. For said employment and services, the said attorneys, Riley & Riley, shall be paid five per cent (5%) of the net amount which we may receive out of the estate of the said James L. Hawley." Sometime after the execution of said contract, James M. Hawley died, leaving a will, in which the petitioners, Frank Hawley, Mattie Hawley Bryant, Pearl Hawley Stout, James L. Hawley and George T. Hawley were named as beneficiaries of his estate. The will also appointed respondent, Thomas S. Riley, an executor of the estate. After the probate of the will, the clerk of the county court referred the matters, necessary for determination in the settlement of the estate, to respondent, the Honorable George C. Beneke, commissioner of accounts of Ohio County. On May 9, 1934, the commissioner of accounts issued a notice to the relators advising them that respondents, Thomas S. Riley, James B. Riley and Robert J. Riley, had presented to Louis F. Brand and George M. Oldham, two of the executors of the will, their written proof of claim of an interest in and a lien upon five per centum of the unadministered assets in the hands of the executors to which the relators are entitled; that the said named executors had in writing presented the claim to the commissioner and that he would on the 29th day of May, 1934, at his office in the City of Wheeling, proceed with a hearing of the matter. After the issuance of the notice, the relators, by counsel, upon special appearance, filed exceptions before the commissioner challenging his jurisdiction to consider or adjudicate the asserted claim. Thereafter, the commissioner, in his report to the county court, sustained the exceptions. Later, the clerk of the county court, by *ex parte* order, held that the commissioner was possessed of ample jurisdiction to consider and determine the merits of the claim, and remanded the matter to the commissioner for hearing and adjudication. The answer of respondents, T. S. Riley, James B. Riley and Robert J. Riley, avers that they have fulfilled the terms of the contract on their part.

The question presented, as stated in a written opinion of the circuit court, is whether a common law attorney's lien against the interests of the beneficaries of a decedent's estate may be enforced by the county court in the settlement of the estate. The jurisdiction of probate courts, of course, depends upon constitutional and statutory authority. Section 24, Article VIII of our Constitution confers jurisdiction upon county courts in all matters of probate, the appointment and qualification of personal representatives, guardians, committees, curators and the settlement of their accounts; and authorizes them to "exercise such other powers, and perform such other duties, not of a judicial nature, as may be prescribed by law." Section 1, article 2, chapter 44, Code 1931, provides that upon the qualification of any personal representative, the estate of his decedent, shall, by order of the county court, be referred to a commissioner of accounts for proof and determination of debts and claims, establishment of their priority, determination of the amount of the respective charges of the legatees and distributees and any other matters necessary and proper for the settlement of the estate. Section 16 declares that the report of the commissioner shall show in addition to the assets and debts of the estate "what persons are entitled to share in the estate as legatees, and as such in what property and amounts; or as distributees, and as such in what proportions." It will thus be observed that the commissioner of accounts, in ascertaining and reporting those among whom the estate shall be distributed, after payment of the debts, is limited under the statute to legatees and distributees. Finding no other statutory provision which would justify a different conclusion, we are, therefore, of opinion that the commissioner of accounts correctly decided that he was without jurisdiction to entertain the claim of the respondent attorneys. Probate courts possess only such jurisdiction as is conferred by statute within constitutional limitations. Woerner, American Law of Administration (3d Ed.), section 142, page 481. Whether the character of the services rendered by the attorneys is such as to en-

title them to a common law attorney's lien, or the contract creates an equitable lien upon the interests of the petitioners in the estate, as well as other issues which may arise upon the merits of the controversy (because one of the members of the law firm of Riley & Riley is an executor of the Hawley estate or for other reasons), are judicial questions which must be determined by courts exercising general judicial powers.

The circuit court and counsel for respondents rely upon *Matter of Abruzzo's Estate*, 139 Misc. 559, 249 N. Y. S. 72, and other New York cases as supporting the jurisdiction of the commissioner of accounts. These cases, which involved the jurisdiction of the Surrogates' courts of New York under local statutes to enforce attorneys' liens, are, in our opinion, entirely without application. Section 13, article 4 of the New York Constitution declares that Surrogates' and Surrogate's courts "shall have jurisdiction, legal and equitable, and powers now established by law until otherwise provided by the legislature." Among the powers conferred upon the Surrogates' courts under the Surrogate's Court Act, article 3, sections 40-47, is the authority "to administer justice in all matters relating to the affairs of decedents, and upon return of any process to try and determine all questions, legal and equitable, arising between any or all of the parties in any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supplemental citation, as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires." Section 475 of the Judiciary Law of New York provides: "From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attached to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whomsoever hands they may come; and the lien cannot be affected by a

settlement between the parties before or after judgment or final order. The court, upon petition of the client or attorney, may determine and enforce the lien." There is no statutory attorney's lien in this state.

The order of the circuit court, overruling the demurrer to the answer, is reversed and the case remanded.

*Reversed and remanded.*