*In Re:* ESTATE OF T. J. LONG, *Deceased,* B. C. LONG, *Plaintiff in Error.*

(No. 9047)

Submitted September 4, 1940. Decided September 24, 1940.

474

*Percy H. Brown* and *T. L. Read,* for plaintiff in error.

*T. J. Lilly, F. W. Sawyers* and *W. H. Sawyers,* for defendant in error.

RILEY, PRESIDENT:

B. C. Long prosecutes this writ, erroneously called an appeal in Code, 58-3-4, and in her petition (see *Ballouz* v. *Hart et al.,* 96 W. Va. 580, 123 S. E. 402; *Miller* v. *Miller, Admr.,* 117 W. Va. 138, 184 S. E. 246), to a judgment of the circuit court of Summers County entered on September 15, 1939, affirming an order of the county court of said county, which last-mentioned order confirmed the report of a commissioner of accounts rejecting her claim against the estate of her brother, T. J. Long, deceased.

Miss Long filed with the commissioner of accounts, before whom the estate was pending, a purported proof of claim in which she asserted title to certain certificates of deposit in the aggregate principal amount of $26,221.08, which she contends were given to her by her brother in consideration of certain services claimed to have been. rendered by her to him over a period of about twenty years. These certificates, though containing an indorsement to plaintiff in error, were never endorsed by T. J.

Long. The record discloses that Miss Long rendered the services as claimed; that the certificates were in her possession at the time of her brother's death; that the administrator of the estate requested that they be delivered to him conditionally and in return therefor he gave her a receipt; that, because of lack of proof that the indorsement was in decedent's own handwriting, the certificates were included in the appraisement of the estate.

It now devolves upon us to appraise again West Virginia Constitution, Article VIII, Section 24. This section deals with the powers of county courts, and, notwithstanding the broad provisions of Code, 1931, 44-2 (providing for the procedure to be followed by commissioners of accounts in the settlement of estates), is all controlling. The section of the Constitution under consideration provides that, in addition to certain enumerated powers, county courts "may exercise such other powers, and perform such other duties, not of a judicial nature, as may be prescribed by law."

This Court, in several cases, has had under consideration the powers of county courts under the foregoing section of the Constitution. In *Hansbarger, Admr.,* v. *Spangler,* 117 W. Va. 373, 375, 185 S. E. 550, it was held that Code, 44-2, deals primarily with the matter of debts against the estates of decedents and was not intended to afford a means of determining questions pertaining to the right of descent and distribution; in *Hawley et al.* v. *Falland et al.,* 118 W. Va. 59, 188 S. E. 759, this Court held that neither a county court nor a commissioner of accounts has jurisdiction to enforce an attorney's lien against the interests of the beneficiaries of an estate; and it was held in *Steber et al.* v. *Combs et al.,* 121 W. Va. 509, 5 S. E. (2d) 420, that a commissioner of accounts has no jurisdiction to settle conflicting claims to a decedent's estate. Point 3 of the syllabus and the opinion in the last-mentioned case should be modified so as to exclude the possible suggestion that county courts and commissioners of accounts may not exercise the powers specifically enumerated in said section 24 of the Constitution. Upon a review of the

*Steber* case we are of opinion that a correct decision was reached therein, though, as suggested, the language used in the syllabus and the opinion was broader than required.

Let us now consider Miss Long's claim in the light of these principles. This claim is not a debt against the estate, and Miss Long is not a creditor within the provisions of Code, 44-2. If she had retained the certificates of deposit wrongfully, the administrator would have had a legal right of action in detinue for their recovery. If, on the other hand, the administrator's retention of the certificates is wrongful, she has a cause of action in detinue. Detinue is cognizable only in a court of law, and the solution of a controversy involving the title to personal property involves the exercise of judicial powers which are not found among those specifically delegated to county courts by the Constitution. It follows that neither the commissioner of accounts nor the county court had jurisdiction to adjudicate the instant claim. This solution of the question involved renders it improper for us to give any consideration to the merits of this case.

For the foregoing reasons, we are of opinion that the judgment of the circuit court should be reversed, and the claim of plaintiff in error dismissed without prejudice to her right to pursue such proper course as she may be advised.

> *Reversed; claim of plaintiff in error dismissed without prejudice.*

KENNA, JUDGE, concurs in result.