ADA M. HUSTEAD *v.* DONLEY BOGGESS *et al.*

(No. 9070)

Submitted September 10, 1940. Decided October 1, 1940.

*Robinson & Stump* and *W. Paul McWhorter,* for appellants.

*Wyatt & Randolph,* for appellee.

HATCHER, JUDGE:

Martha C. Swiger died testate, leaving the residue of her estate "to the descendants *per stirpes*" of such of her brothers and sisters as should predecease her. Pending the settlement of her estate by a commissioner of accounts, a petition was filed with him by Ada M. Hustead, the lawfully adopted daughter of a predeceased sister, claiming the right, as a *descendant* of the sister, to share in the residue of the estate. Evidence was taken and briefs filed before the commissioner who ruled against petitioner. She presented her claim, with the evidence theretofore taken, to the county court which construed the will in her favor. The personal representatives of Mrs. Swiger appealed to the circuit court where the county court was affirmed, and then appealed here.

Appellants challenge here, as they did initially before the commissioner, his jurisdiction to construe the will.

Constitution, Art. VIII, Sec. 24, confers on county courts jurisdiction to settle the accounts of personal representatives. Code, 44, articles 2 and 3, provide (a) that a county court shall appoint commissioners of account; (b) that the court shall refer a decedent's estate to such a commissioner to determine the claims against it, the shares of the distributees, and any other matter "necessary and proper" for its settlement; (c) that the commissioner shall return to the court a report listing each claim presented, with the evidence thereon, exceptions, and his allowance or disallowance thereof; and (d) that the court shall pass upon the exceptions, if any, "and make its order thereon." The constitutional jurisdiction of county courts to settle accounts of personal representatives has been held

not to include the construction of wills. *Page* v. *Huddleston,* 98 W. Va. 104, 126 S. E. 579. The statutory duties imposed on a commissioner of accounts, in connection with his statutory subjection to the county court, show clearly the legislative design that he should serve the court in performing its constitutional duties. So, despite his broad powers, as recited in the statute, it must be construed as not intending that he, an auxiliary of the court, should determine questions beyond the jurisdiction of the court. Article 2, above, has been specifically construed as "not intended to afford a means for determining questions pertaining to the right of descent and distribution." *Hansbarger* v. *Spangler,* 117 W. Va. 373, 375-6, 185 S. E. 550, 552. Accord: *Steber* v. *Combs,* 121 W. Va. 509, 5 S. E. (2d) 420. The foregoing decisions have been reviewed and confirmed by this Court in the recent case of *In re Estate of Long, deceased,* (opinion handed down September 24, 1940) 122 W. Va. 473, 10 S. E. (2d) 791, wherein it was held that a commissioner was without jurisdiction to settle conflicting claims to a decedent's estate, and a proceeding for that purpose entertained by a commissioner was dismissed here as void *ab initio.*

Petitioner advances the contention that because the representatives appeared generally in the proceeding before the commissioner they waived the question of jurisdiction. He had no jurisdiction under the law of the subject matter litigated, and such jurisdiction could not be conferred by waiver. *Ohio Co.* v. *Gibbens,* 35 W. Va. 57, 12 S. E. 1093; *Yates* v. *Taylor,* 47 W. Va. 376, 35 S. E. 24; 33 C. J. Judgments, sections 36, 38.

The judgment is reversed and petitioner's claim dismissed without prejudice.

*Judgment reversed; claim dismissed without prejudice.*

KENNA, JUDGE, dissenting:

There is, I believe, no question but that neither a county court nor a commissioner of accounts can entertain a proceeding instituted for the purpose of construing a will.

Nevertheless, it seems to me inescapable that a commissioner of accounts who acts under Article 3 of Chapter 44, Code, in a recommendatory capacity for the county court in settling the accounts of executors and testamentary trustees, in many instances is required to attach meaning to the instrument conferring upon the fiduciary whose account is before the commissioner the power to act. This, I think, is clearly borne out by Code, 44-2-4, requiring the commissioner to notify in writing the creditors, distributees and legatees of the time fixed for the presentation of claims, and by the provisions of Code, 44-2-16, requiring the commissioner to state in his report the persons entitled to share in the estate, the accounts concerning which are before him for settlement, and the property, amount and proportion to which they are entitled. Code, 44-2-23 protects the personal representative from liability for money disbursed in accordance with a confirmed report of a commissioner of accounts. Code, 44-4-20, when its terms are complied with, provides that a confirmed report shall be conclusive as to both executors and beneficiaries. The provisions referred to have all been before this Court and approved.

I do not agree with the statement in the majority opinion that the holding in the case of *Page* v. *Huddleston,* 98 W. Va. 104, 126 S. E. 579, was that the settlement of a personal representative's account and the jurisdiction of our county courts to do so, does not include the incidental construction of a will. As I read the *Huddleston* case, it goes no further than to except the construction of wills as being among the matters of which county courts have *exclusive original* jurisdiction. I therefore do not believe that the *Huddleston* case sustains the view expressed in the majority opinion.

The language quoted from the case of *Hansbarger* v. *Spangler,* 117 W. Va. 373, 375-6, 185 S. E. 550, deals with the statute of descents and distributions and consequently does not relate to the construction of wills; but even with that limitation it strikes me that a casual reading of Article 2 of Chapter 44, Code, shows that the case does not apply.

The opinion of this Court in the case of *Steber* v. *Combs,* 121 W. Va. 509, 5 S. E. (2d) 420, to the effect that under Article VIII, Section 24 of the Constitution the power "to adjudicate judicial questions" is withheld from the probate courts, I believe states a plainly unsound principle. See *Page v. Huddleston,* 98 W. Va. 104, 108-9, 126 S. E. 579. Furthermore, the correction that this Court made in the third syllabus of the *Steber* case in the matter of *In re Estate of T. J. Long,* deceased, 122 W. Va. 473, 10 S. E. (2d) 791, and in doing so holding that a commissioner of accounts under Constitution, Article VIII, Section 24, has no jurisdiction to settle conflicting claims to a decedent's estate, was plainly to infer that county courts have no such jurisdiction, because a commissioner is nothing more than a statutory adjunct to assist the county court in performing judicial functions in matters of probate and the settlement of the accounts of personal representatives. As I have already stated, it strikes me as being indispensable that a court, passing upon matters of probate and matters affecting the final settlement of the accounts of personal representatives, as an indispensable incident of that duty, be empowered to construe testamentary papers, subject, of course, to the chancery and appellate jurisdiction of circuit courts.

The county courts of Virginia and of this State originally had general civil jurisdiction both at law and in chancery, so that the provisions of Constitution, Article VIII, Section 24, must be read in the light of the fact that they are a curtailment of preexisting powers. (For a general historic discussion of county courts see *De Vaughn* v. *De Vaughn,* 19 Gratt. 556.) This section preserves to county courts probate jurisdiction, specifically including their jurisdiction to pass upon and settle the accounts of personal representatives. The privilege of making testamentary disposition of personalty and particularly of realty has been a matter of slow and complicated growth, the intricacies of which require exhaustive study to comprehend. In Judge Green's opinion in the case of *Dower* v. *Seed,* 28 W. Va. 113, beginning at the bottom of page

139 (noting particularly the last paragraph beginning on page 153 to the middle of page 156), the discussion indicates that our county courts are vested with full judicial power in matters of probate and settlement. Being a constitutional power, it cannot be diminished by legislation. This, I believe, was the exact purpose of the framers of our Constitution. The probate and settlement jurisdiction actually involves a large amount of clerical routine even in uncontroverted matters, and it is almost necessary to provide a separate judicial agency at all times available in order that personal representatives and their bondsmen may be said to have discharged their legal duties and may be released from the binding effect of their conditional obligation. Hence, commissioners of account. To hold, as in my judgment the majority opinion has indirectly held, that our circuit courts in our largely populated areas are the only tribunals in which an order can be entered to the effect that a personal representative has fully discharged his fiduciary duty in uncontroverted, as well as in controverted, matters concerning the estate of a decedent throws an unbearable burden upon those courts and, to my mind, unnecessarily deprives a puzzling problem of what was hoped to be the final solution.