*In Re: Estate of* JOHN E. BROWN, *Deceased,* VICTORIA BAYSE, *Plaintiff in Error.*

(No. 9213)

Submitted September 9, 1941. Decided September 30, 1941.

H. G. *Shores* and L. V. *Thompson,* for plaintiff in error.
E. A. *See,* for defendant in error.

FOX, JUDGE:

John E. Brown died intestate and his estate was committed to the Sheriff of Hampshire County as administrator, and, under the statute, referred to a commissioner of accounts for an ascertainment of debts and a settlement of the accounts of the administrator. Ida M. Shillinburg filed a claim against the estate of $416.47 for per-

sonal services rendered the decedent, and for money expended in his behalf; and Victoria Bayse, a sister of the decedent, filed a like claim amounting of $894.59. Each of these claimants contested the claim of the other. Depositions were taken before the commissioner, and on a final hearing of the matter there were findings against the estate in favor of Shillinburg for $290.46 and Bayse for $149.70. In the hearing before the commissioner there was filed by Victoria Bayse a copy of a deed from John E. Brown to Vick Basey, who, the trial court found, is the same person as Victoria Bayse, dated March 8, 1934, conveying to the grantee therein a tract of 60 acres of land near Purgitsville, West Virginia, in consideration of $300.00 cash, and a balance of purchase money $800.00 to be paid five years from date of deed, and for which a vendor's lien was retained on the face of the conveyance. In the deed the following clause appears:

> "It is furthermore agreed that in caes of my death within the five years from this date that my sister, Vick Basey, shall have all my property both personal and real, provided she will pay off a certain note of three hundred dollars which I made to Robert Jones, and shall pay all other debts which I lawfully owe at my death, at which time she shall have the residue of all my property."

The commissioner of accounts noted the filing of this deed in evidence, but declined to construe the provisions thereof. He refused to allow Bayse certain claims connected with said land, accruing subsequent to the conveyance aforesaid, and found that of the amount allowed Bayse, $75.75 was funeral expenses for the decedent, given priority by statute, but indicated that it might be one of the undertakings of Bayse under the clause of the deed quoted above.

The matter went to the county court on the report of the commissioner, and on exceptions thereto filed by each of the claimants. The county court substantially reduced the Shillinburg claim, items of $90.00 and $5.00 going to make the total allowed by the commissioner being dis-

allowed. The exceptions as to the allowance to Bayse were overruled, but on her exceptions she was allowed an item of $300.00 paid to Robert Jones, and was given first priority on the funeral bill paid by her, and next priority for an item of taxes paid, and the $300.00 item was fixed as a third lien on the estate, "if there be any estate, but the court holds that, the real estate mentioned and described in the evidence is owned by Victoria Bayse at the time of the death of John E. Brown." From this action of the county court an appeal was prosecuted to the circuit court.

Upon the hearing in the circuit court it was adjudged and decreed that Ida M. Shillinburg was entitled to the full amount allowed her by the commissioner of accounts. The claim of Victoria Bayse was disposed of as follows:

"After mature consideration of all of the matters and issues involved herein, the Court is of the opinion, and does hereby adjudge, order and decree that Victoria *Basye* is indebted to the estate of John E. Brown in the amount of $800.00 with a legal interest thereon from March 8, 1939, the due date of said obligation as set out in the deed from John E. Brown to Victoria *Basye,* and filed by the said Victoria *Basye* as a part of her testimony in which said deed a vendor's lien was specifically reserved to secure said indebtedness, and is now adjudged to be a lien against said real estate, in said deed her name being spelled Vick Basey, and at other times Victoria Bayse; Victoria Basye, Victoria Bayse and Vick Basey being one and the same person.

"The Court is of the opinion that the fourth paragraph of said deed in which John E. Brown attempted to give his personal property to Victoria *Basye* if he should die within five years and she would pay all of his bills is invalid as an attempted testamentary disposition of his personal property, but that said paragraph of said deed does not effect the validity of the deed transferring approximately 50 acres of real estate from John E. Brown to Victoria *Basye.*

"The Court is of the opinion to allows as a credit on said $800.00, and interest, owing by

said Victoria *Basye* to the John E. Brown estate the following items:

"1. Taxes for 1933 on Jno. E. Brown land..$   3.38
2. One-half of 1934 taxes _____$   1.49
3. J. H. Markwood & Son for funeral of John E. Brown paid by Victoria *Basye* _____$  75.75
4. Amount paid Robert Jones on May 14, 1938, of $300.00 less *tolls* of John E. Brown estate delivered to Jones for $65.00 or a net amount of_____$235.00

                                         $315.54

"And said amount of $315.54 is allowed as a credit on said $800.00 indebtedness to Victoria *Basye* to the John E. Brown estate."

To this order Victoria Bayse prosecutes this writ of error.

While complaint is made as to the amount of the allowances to both Shillinburg and Bayse, the principal question involved is whether the county court and the circuit court exceeded their respective jurisdictions in assuming to pass upon and construe the deed offered in evidence. Plaintiff in error contends that under the statute, Articles 2 and 3 of Chapter 44 of the Code, as interpreted by decisions of this Court, neither court had jurisdiction to construe the provisions of said deed, or to determine the indebtedness due the estate of Brown thereunder, and cite *Hansbarger, Adm'r.* v. *Spangler,* 117 W. Va. 373, 185 S. E. 550; *Steber* v. *Combs,* 121 W. Va. 509, 5 S. E. (2d) 420; *In re Long's Estate,* 122 W. Va. 473, 10 S. E. (2d) 791, and *Hustead* v. *Boggess,* 122 W. Va. 493, 12 S. E. (2d) 514, in support of her position.

The plaintiff in error brought into the hearing before the commissioner the deed of March 8, 1934, and that deed shows her to be indebted to John E. Brown, at the date thereof, in the sum of $800.00, to be paid five years thereafter. That being true, when appellant filed her claim against the estate of Brown, the administrator, or any creditor, had the right to assert the indebtedness under the deed against the claim so filed to the extent neces-

sary to off-set the same, and the commissioner had jurisdiction to pass on all contentions with respect thereto, in order that the indebtedness of the estate could be determined. We do not think any of the cases cited question the jurisdiction of the county court or its commissioner of accounts to pass upon such issues. The jurisdiction to ascertain indebtedness is expressly granted by statute and is, in fact, one of the principal functions of a commissioner of accounts, and necessarily involved in reaching a settlement of an estate. Under any aspect, Bayse was only entitled to such part of her claim as she established by proof, less any amount she owed the estate under the deed.

The construction of the deed involved is a judicial question, and beyond the jurisdiction of a county court or commissioner of accounts, and within the jurisdiction of courts possessing general judicial powers only where a proper suit is instituted in such court raising the question. If the county court did not have jurisdiction in the first instance, writ of error to its ruling did not confer jurisdiction on the circuit court to pass on matters which neither the commissioner of accounts nor the county court had power to consider. If the rule were otherwise, judicial questions could be raised in proceedings before county courts, there decided, and lack of jurisdiction to make such decisions overcome by the prosecution of a writ of error to the circuit court, on the theory that inasmuch as the latter court had jurisdiction to pass upon the question in a proper suit it could act on the writ of error. This position has no basis in our decisions. We are, therefore, of the opinion that the trial court exceeded its jurisdiction in this case when it attempted to construe the quoted provisions of the deed in question.

But this does not mean that we should reverse the order of the circuit court *in toto*. There being conflict in the testimony as to the Shillinburg claim, we are not disposed to disturb the holding of the trial court as to the amount of that claim. The finding as to said claim is supported here by the finding of the commissioner and the circuit court; and as to more than two-thirds thereof by the

county court as well. Whatever construction may be given, in a proper proceeding, to the provisions of the deed, still the estate is liable for decedent's debts. Victoria Bayse could, in no event, take the Brown estate to the prejudice of creditors. This being true, we are of the opinion that the allowance to Shillinburg must be upheld.

The order as to Victoria Bayse stands on a different footing. If the quoted provisions of the deed be held ineffective, then the allowance to her should be upheld, either as a judgment against the administrator, or as a credit on the amount found due the estate; whereas, if effect be given to that provision, we would be doing the futile thing of allowing a claim against her own estate, for the Brown estate passed to her, subject only to the estate's debts. Neither the county court nor the circuit court had jurisdiction to pass on the question of the liability of Bayse to the Brown estate, beyond the point where that liability affected her right to have her claim allowed. Beyond that point only a court possessing general judicial powers, and in a proper proceeding instituted therein, could determine that issue. Bayse was not a party to the proceeding, originally before the commissioner of accounts and the county court, and carried to the circuit court, in the sense that the latter court had jurisdiction to render a judgment against her beyond an adjustment of her claim against the estate.

The trial court seems to have had this procedure in mind, for it directed the administrator to take necessary legal action to collect the amount it had determined to be due the estate from Victoria Bayse. We think this direction was proper, but when such action is taken Victoria Bayse should be accorded the right to call for a construction of the deed in question and a determination of her liability, if any, to the Brown estate, without regard to the findings of the court in the county court statutory proceeding.

On the whole, we think the order of the trial court, so far as it determines the Shillinburg claim, and directs payment of costs, should be affirmed; and so far as it con-

strues the deed in question and determines the rights of Victoria Bayse thereunder, should be reversed and set aside; and that in a proper case, such as that directed by the trial court, the deed should be construed and the rights and liabilities, if any, thereunder of Bayse, determined, as well as the rights of Shillinburg against the Brown estate based on her claim as established in the statutory proceeding. In that manner the interests of all parties will be protected, and the proper limits on the jurisdiction of county courts and their commissioners of accounts maintained. The costs in this Court will be assessed against the estate of John E. Brown, deceased.

*Affirmed in part; reversed in part.*