# CHARLESTON.

## CENTRAL TRUST COMPANY OF ILLINOIS V. HEARNE.

### Submitted March 14, 1916.    Decided March 21, 1916.

1. GUARDIAN AND WARD—*Foreign Guardian—Proceeding to Transfer Property—Petition—Verification.*

   In a proceeding, under chapter 84 of the Code, to transfer to a foreign guardian the property of a nonresident minor, verification of the petition by affidavit is not necessary.    (p. 7).

2. EVIDENCE—*Judicial Records—Attestation—Certification.*

   The records and judicial proceedings of a court of another state are not admissible as evidence in this state, unless "attested by the clerk thereof, with the seal of the court annexed if there be a seal, and certified by the judge, chief justice or presiding magistrate of such court, to be attested in due form." Sec. 19, ch. 130, Code. (p. 8).

3. SAME—*Public Records—Attestation—Certification.*

   Nor are records and books kept in a public office of a foreign state, not appertaining to a court, admissible for such purpose in the courts of this state, unless "attested by the keeper of the said records or books and the seal of his office annexed, if there be a seal, and certified by the presiding justice of the county or district in which such office is, or by the judge of a court of record in such county or district, or by the governor, the secretary of state, the chancellor or the keeper of the great seal of the state, to be attested in due form and by the proper officer," as required by sec. 20, ch. 130, Code.    (p. 8).

4. SAME—*Judicial Notice—Laws of Other States.*

   This court may take judicial notice of the general laws of other states, and may consult any printed book purporting to contain, state or explain the same, in any case wherein knowledge or proof thereof become material.    (p. 9).

Appeal from Circuit Court, Ohio County.

Proceedings by the Central Trust Company of Illinois, guardian, etc., against William H. Hearne, to require defendant to pay and deliver property and money belonging to plaintiff's ward. From an order granting the relief prayed, defendant appeals.

*Reversed and remanded.*

*John J. Coniff,* for appellant.

*Hubbard & Hubbard,* for appellee.

LYNCH, JUDGE:

By its petition, filed in the circuit court of Ohio county October 8, 1914, the Central Trust Company of Illinois averred its corporate existence and authority to act as guardian of estates of infants resident in that state; that it had been appointed and qualified as the guardian of Robert G. Hearne, an infant nineteen years old residing in the city of Chicago; that the property of its ward was in the possession of William H. Hearne, named therein as defendant, and resident guardian of Robert in Ohio County; and prayed an order requiring him to pay and deliver to the petitioner all the personal property and money in his hands belonging to the infant, and authorizing it to sue for, recover, receive and remove the same from this state to the state of Illinois, pursuant to the provisions of chapter 84 of the Code. From the order granting the relief prayed an appeal was allowed on several assignments of error.

The first error assigned is the failure to verify the averments of the petition by an affidavit. Neither the statute authorizing this proceeding nor any other cited or found in anywise relating to the subject makes such verification a prerequisite; and no necessity therefor is pointed out in argument or discovered on this review.

With the petition are exhibited certain papers purporting to be copies of official public documents pertaining to the corporate entity, appointment and qualification of the petitioner, the scope of its authority and powers, and of court records for the purpose of showing its right to substitute and

the substitution of securities, to be endorsed and deposited with the auditor of public accounts, in lieu of a bond of indemnity usually required of fiduciary appointees. The sufficiency of the attempted authentication of these documents in the lower court was, and on this review is, challenged by the defendant Hearne.

The purpose to be served by the filing of exhibit A was to show the corporate organization of the petitioner, and its authority under the laws of Illinois to engage in a general banking business in Cook county and to accept and execute trusts, payment in full of the capital stock of the company subscribed, amounting to four million dollars, and its authority to commence business as such corporate entity. Exhibit B purports to exemplify a statute passed by that state to provide for and regulate the administration of trusts by trust companies and to authorize the appointment of such companies as guardians of the estates of infants. Exhibits C and D purport to show that the petitioner had deposited with the auditor of public accounts as indemnity against loss or defalcation in the management of trust estates the sum of five hundred thousand dollars in municipal securities and real estate mortages, as permitted by such stautue; and E the apointment of petitioner as guardian of the estate of Robert G. Hearne and its qualification to enter upon the discharge of such duties by giving bond with sufficient securities, the amount thereof not being specified.

The authenticity and verity of exhibits A, C and D are vouched only by the certificate of James J. Brady, auditor of public accounts, and of E by John A. Cervenka, clerk of the probate court of Cook county. Of these the first three pretend to be copies of records or books required by statute to be kept in the office of the auditor of public accounts, and not of any records appertaining to any court having jurisdiction of the subject matter. But, to be evidence in any court in this state, such records must be attested by the custodian thereof and the seal of his office, if any he has, and certified by the presiding judge of the county or district in which such office is, or by the judge of a court of record in such county or district, or by the governor, the secretary of

state, the chancellor or keeper of the great seal of the state, attested in due form by the proper officer. Sec. 20, ch. 130, Code.

To render admissible as evidence exhibit C, of record in the probate court, it ought to have been attested by the clerk with the court's official seal attached, if such seal there was, and certified by the judge or presiding officer of such court, attested in due form, so as to be entitled to such faith and credit in this state as are given to copies of records in the courts of the state of Illinois. Sec. 19, ch. 130, Code.

The right to divest a duly authorized resident guardian of the title and possession of his ward's property located in this state, and to transfer it to the custody and control of a guardian resident in another state or country, is of purely statutory origin, and can not be exercised or granted except upon strict compliance with all the terms, regulations and provisions of the statutes of this state in anywise relating thereto. But the dominant interest to be subserved in such proceedings is the estate of the infant. It matters not where the property is located, provided it is protected against the maladministration of the custodian.

Hence, it is the duty of courts having jurisdiction of the subject matter and of the parties to inquire carefully into the legality and regularity of the appointment and qualification of the foreign guardian before granting the order authorizing the transfer. The requisite knowledge of these essential facts can be acquired only through duly attested copies of the record and official public documents appertaining to such procedure. If defectively attested, they will not avail as evidence in any court of this state. Clearly, they were not authenticated as required by sections 19 and 20, ch. 130; and, not being so proved, they had no probative value to show any authority in the petitioner to exercise the right conferred by sec. 3, ch. 84 of the Code.

Though exhibit B is not amenable to the same criticism, because it clearly was proved in the manner required by law, in it does not appear any statutory authority for permitting the deposit of utility securities or bonded indebtedness in lieu of the usual bond required of such fiduciaries. Although

the statute which it purports to verify and establish as evidence shows the legality of plaintiff's appointment as guardian of the estate of Robert G. Hearne, its further provisions relate only to the discharge of such fiduciary from further liability, or the reduction of the amount of the indemnity originally required, upon application therefor to a court having jurisdiction, on compliance with the terms and provisions of the act. Evidently, other provisions of the same statute were omitted, inadvertently no doubt; because, while sec. 131 says trust companies "shall not be required to give any bond or security in case of any appointment hereinbefore provided for except as hereinafter provided," sec. 134, omitted from the certified copy, does allow the substitution of securities of the United States or municipal bonds of the state of Illinois or mortgages on improved and productive real estate therein for the regular formal bond. This omission, however, is wholly immaterial; because, by virtue of sec. 4, ch. 13, Code, courts of this state may take judicial notice of the general laws of other states, or obtain knowledge thereof by consulting "any printed book purporting to contain, state or explain the same."

So it appears that the only duly authenticated exhibit found in the record was one in nowise necessary to a just decision upon the merits of the case, while those that were indispensable were not authenticated as required by law.

Although most of the argument was addressed to the propriety of granting the right to transfer the property in any event, because of its advantageous management by Hearne and the nearness of the infant to his majority, we do not deem it proper or necessary at this time to deal with this feature of the case. The petitioner may or may not be able to show its right to cause the transfer to be made, or unwilling to make any further attempt so to do.

For these reasons, we are constrained to reverse the order granting the relief prayed, and remand the case, with leave to supply the deficiencies pointed out, and for such further proceedings therein as justice and equity may require.

*Reversed and remanded.*