# CHARLESTON.

C. F. CUNNINGHAM et al. v. S. E. DONELSON et al.

(No. 5977-5977-A)

Submitted April 24, 1928.   Decided May 8, 1928.

1. EVIDENCE—*Public Records and Books From Foreign State, Not Appertaining to Court, Are Only Admissible When Duly Attested by Keeper and Certified by Certain Officers (Code, c. 130, § 20).*

   Records and books kept in a public office of a foreign state, not appertaining to a court, are only admissible in evidence in the courts of this state when "attested by the keeper of the said records or books and the seal of his office, if there be a seal, and certified by the presiding justice of the county or district in which such office is, or by the judge of a court of record in such county or district, or by the governor, the secretary of state, the chancellor or the keeper of the great seal of the state, to be attested in due form, and by the proper officer," as required by section 20 of chapter 130 of the Code.   (p. 538.)

   (Evidence, 22 C. J. § 1020.)

2. APPEAL AND ERROR—*Generally, on Reversal of Judgment in Case Tried to Court, Judgment is Rendered; on Reversal of Judgment in Case Tried to Court, Where There is Strong Probability That Decisive Evidence Was Omitted Under Misapprehension of Law, Case Will be Remanded.*

   While the general rule of this court where a jury has been waived and the case submitted to the trial court on the law and facts, is to treat the case as upon demurrer to the evidence, and upon reversal of the judgment to enter judgment here, where the record discloses the fact that there is a strong probability of the existence of evidence decisive of the issues involved, which has been omitted under misapprehension of law, we will, upon reversal of the judgment, remand the case for further proceedings.   (p. 538.)

   (Appeal and Error, 4 C. J. §§ 3230, 3240.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Doddridge County.

Action by C. F. Cunningham and another against S. E. Donelson and others, partners trading as Donelson, Winbigler

& Rise, in which the Ohio Maccar Truck Company and another
intervened.    Judgment for plaintiffs, and the intervenors and
Frank C. Wise bring error.

> *Judgment reversed; findings of the circuit*
> *court set aside; new trial awarded.*

P. M. *Ireland*, for plaintiffs in error.
J. E. *Law*, for defendants in error.

Miller, President:

This action was brought by C. F. Cunningham and O. L.
Helmick against S. E. Donelson, J. F. Winbigler and A. J.
Rise, partners, trading as Donelson, Winbigler and Rise, in
assumpsit, and on an attachment on five motor trucks located
in Doddridge county, this state, alleged to be the property of
defendants.    The affidavit for attachment alleges that Don-
elson and Winbigler are non-residents of West Virginia, and
that they left the state with intent to defraud their creditors.
No appearance being made by the defendants, a personal judg-
ment was taken against Rise, and a judgment in rem against
Donelson and Winbigler.    After sale of a part of the trucks
under an execution, but before the proceeds of the sale were
distributed, The Ohio Maccar Truck Company, of Akron,
Ohio, intervened by petition, alleging that it was the owner of
one of the trucks, and held two chattel mortgages on each of
two others, and that two of the mortgages, one on each truck,
were filed in the office of the Recorder of Ashland county,
Ohio, and the other two mortgages in the office of the Recorder
of Summit county, Ohio, as provided by the laws of that
state.

Frank C. Wise, also a resident of Ohio, filed his petition,
claiming to hold a mortgage on another of the trucks attached.
The facts set out in his petition are denied by plaintiffs'
answer, and he introduced no evidence to prove his claim
except to exhibit with his petition what purports to be "a
copy" of the mortgage.

On final hearing, on the pleadings, depositions of officers of
The Ohio Maccar Truck Company, and the exhibits filed, the

circuit court dismissed the intervenor's petitions, and ordered the proceeds of the sale to be paid to plaintiffs.

Counsel for plaintiffs submit that the intervenors failed to prove their claims by competent evidence. The Ohio statute, secs. 8561, 8562, Ohio General Code, Throckmorton 1921, (R. S. 4151, 4152), provides that chattel mortgages "must be deposited with the county recorder of the county where the mortgagor resides at the time of the execution thereof, if a resident of the state. * * * The officer receiving such an instrument shall endorse thereon the time of receiving it, and its consecutive number, and enter in a book to be provided by the county the names of all parties thereto," etc. Our recording statute does not provide for the recordation of foreign chattel mortgages in this state; but in *Ashland Finance Company* v. *Dudley*, 98 W. Va. 255, we held: "Where a mortgagor removes a mortgaged automobile into this state from the state of Kentucky, where the mortgage thereon was duly recorded, the mortgage lien was superior to an attachment lien subsequently secured on the automobile in this state, it not appearing that the mortgagee consented to, or had notice of such removal," as a matter of comity.

Two of the mortgages in this case, one on each of the Maccar trucks, are evidenced by certified copies of the same, attested by "Cloyd Moneysmith, Ashland County Recorder." The other two, on the same trucks, are claimed by the intervenors' counsel in their briefs to be the original mortgages, and appear to be stamped on the back, with a rubber stamp: "Duplicate filed Summit County, Ohio, April 14, 1914, At ...............M. Ralph J. Wilcox, Recorder," and "Duplicate filed Summit County, Ohio, May 8, 1924, Ralph J. Wilcox, Recorder."

The question here is not whether the intervenors have valid mortgages on the attached trucks, but whether such mortgages have been duly recorded or filed in Ohio as provided by the statute of that state. To avail the intervenors, and give them preference over the attaching creditors, they must show that their mortgages were so filed. The only evidence in the record of such filing is the alleged certificates of the record of Ashland county, and the rubber stamp impressions of the recorder of Summit county.

Our statute, section 20 of chapter 130 of the Code, provides: "All records and exemplifications of office books kept in any public office of the United States or of a state, not pertaining to a court, shall be evidence in any court or office in this state if attested by the keeper of the said records or books and the seal of his office annexed, if there be a seal, and certified by the presiding justice of the county or district in which such office is, or by the judge of a court of record in such county or district, or by the governor, the secretary of state, the chancellor or keeper of the great seal of the state, to be attested in due form, and by the proper officer." Clearly, the papers offered in evidence to prove filing of the mortgages in Ohio are not authenticated as required by this statute, and it was error to admit them over the objection of plaintiffs. *Central Trust Company* v. *Hearne,* 78 W. Va. 6. The mortgage, or copy, exhibited by the intervenor, Frank C. Wise, is subject to the same criticism, and is not evidence of his claim of a lien on the Schact truck.

As to the truck to which The Ohio Maccar Truck Company lays claim of ownership, the uncontradicted testimony of W. F. McDonald, who was president of The Ohio Maccar Truck Company at the time, is that this truck was loaned to Donelson and Winbigler, after it had been repossessed from a purchaser who failed to pay for it; that he at one time asked for its return to Akron; that it was then out of repair, and Winbigler promised to have it repaired and to return it to the owner, but did not do so; and that the next time he heard of it was after the attachment proceedings were begun in West Virginia. This evidence, uncontradicted, proves ownership of this truck in The Ohio Maccar Truck Company; and the trial court erred in dismissing intervenor's petition as to it.

Trial before a jury was waived and the case submitted to the court on the law and facts. In such case it is the general rule of this court to treat the case as upon demurrer to the evidence and upon reversal of the judgment to enter judgment here; but we think this is a case for the application of the rule, heretofore affirmed in both law and equity cases, that where the record disclosed the fact that there is a strong probability of the existence of evidence decisive of the issues involved, which has been omitted under misapprehension of

law, we will reverse the judgment or decree and remand the case for further proceedings. *Cook* v. *Raleigh Lumber Company,* 74 W. Va. 503; *La Belle Iron Works* v. *Quarter Savings Bank,* Id. 569; *Bankers Pocahontas Coal Company* v. *Flanagan Coal Company,* 100 W. Va. 707, and cases cited. It seems very probable that the intervenors will be able to produce evidence of the filing of the chattel mortgages in the offices of the recorders of Ashland and Summit counties, Ohio, as provided by section 20 of chapter 130 of the Code, and clear up any other defects in the manner of the introduction of their evidence.

The judgment will, therefore, be reversed, the finding of the circuit court set aside, and a new trial ordered.

> *Judgment reversed; findings of circuit court set aside; new trial awarded.*