*In Re:* THE ESTATE OF

JACK W. HARDIN, *Deceased*

(No. 13467)

Decided March 25, 1975.

*Drexel M. Vealey, Campbell, Love, Woodroe & Kizer, Charles E. Barnett* for Margaret S. Golliday.

*Pauley, Curry & Thaxton, Arden J. Curry* for Grace D. Hardin.

CAPLAN, JUSTICE:

The controlling question presented for resolution on this appeal is whether a copy of a foreign divorce decree not authenticated as provided in *W. Va. Code*, 1931, 57-1-12 constitutes a proper voucher for proving a claim against the estate of a decedent as required by *W. Va. Code*, 1931, 44-2-5.

Jack W. Hardin died intestate in Kanawha County, West Virgina on July 5, 1970 and his widow, Grace D. Hardin, was appointed administratrix on his estate. The estate was referred to a commissioner of accounts who set February 10, 1971 as the final date for receiving proof of debts, claims and demands against the estate. Pursuant thereto the appellant, Margaret S. Golliday, who was a former wife of Jack W. Hardin, filed an affidavit in support of a claim against the estate in the amount of $29,200.00. In her affidavit Mrs. Golliday alleged that she and Jack W. Hardin were divorced from the bonds of matrimony on April 14, 1958 by a decree of the Circuit Court of the Eleventh Judicial Circuit of

Florida. She further alleged that in said decree Jack W. Hardin was ordered to pay her the sum of $200.00 per month as child support for the five children born to the parties; that since the date of the decree she had received only the sum of $160.00; and that the estate was entitled to no offsets other than the $160.00. Attached to her affidavit was a certified copy of the divorce decree referred to therein.

On January 27, 1971 the administratrix, Grace D. Hardin, filed a counter affidavit as provided in *W. Va. Code*, 1931, 44-2-6, as amended, wherein she denied the right of Mrs. Golliday to assert her claim. In her counter affidavit the administratrix asserted that the claim should not be allowed because the amount alleged to be due therein could not be calculated as a sum certain; that the amount alleged in the claim was contingent and unliquidated and that at least a portion thereof was barred by the statute of limitations; that certain of the children had attained their majority or were otherwise emancipated prior to the time the claim was filed; and that the claim should not be allowed because the decree of the Florida Court was not certified and authenticated as required by *W. Va. Code*, 1931, 57-1-12 and that it was not, therefore, entitled to the full faith and credit provision of the Constitution of the United States.

More than six weeks after the date designated as the final date for filing the claim, Mrs. Golliday, on March 31, 1971, filed an amended affidavit. Therein she listed the amounts alleged to be due on a monthly basis from May 14, 1958 showing a total due, including interest, of $39,073.40. The amended affidavit also had attached thereto a certified copy of the Florida divorce decree which, as in the original affidavit, was not authenticated as required by the aforesaid statute. The commissioner of accounts conducted a hearing on June 11, 1971 and on July 12, following, he denied the claim and stated in his report that the claim filed on January 7, 1971 was denied because said claim was not itemized as required by *W. Va. Code*, 1931, 44-2-5. The commissioner also found and stated in his report that the di-

vorce decree used in support of the claim did not contain a certificate of the judge or any other person in authority certifying that the attestation was in due form, or, in other words, he held that the divorce decree was not authenticated as required by law. The commissioner further held that he did not have authority to accept the amended claim which was filed on March 31, 1971.

Mrs. Golliday filed exceptions to the commissioner's report and on September 1, 1971 the county court confirmed the report of the commissioner but erronously recited that no exceptions had been taken to the report. Thereafter an appeal was taken by Mrs. Golliday to the Circuit Court of Kanawha County which appeal was granted. It was later dismissed as improvidently awarded by reason of said appeal having been applied for more than four months after the order of the county court had been entered. The appellant then filed a written motion with the county court requesting that it vacate its order wherein it indicated that no exceptions were filed and requested a hearing on those exceptions. An order was so entered, a hearing was held and on June 6, 1972 the county court overruled the exceptions to the report and again confirmed the report of the commissioner of accounts. An appeal therefrom was granted by the Circuit Court of Kanawha County and on April 25, 1973 that court held that the proof of claim filed by the appellant was not accompanied by a proper voucher, the certified copy of the divorce decree not having been authenticated in the manner provided by *W. Va. Code*, 1931, 57-1-12. Finding that the commissioner's report was without error, the circuit court affirmed the order of the county court. It is from that order that the appellant prosecutes this appeal.

In its order the circuit court held that the proof of claim filed by the claimant against the subject estate "was not accompanied by a proper voucher in that the so-called 'certified copy' of the Florida divorce decree of 1958 was not authenticated in the manner provided by statute; that the administratrix having denied the claim by her affidavit, the claimant was required to prove her

claim and every aspect thereof; that the claimant did not effectively carry the burden of proof required of her * * *." As noted above the controlling issue is whether the failure to present an authenticated copy of the Florida divorce decree with the affidavit of the claimant was fatal as to the validity of her proof of claim. This is the only matter decided by the circuit court and is the sole issue to be dealt with here.

The manner in which a claim against the estate of a decedent is to be filed is provided by statute and the requirements thereof are mandatory. *Boone v. Boone,* 123 W. Va. 696, 17 S.E. 2d 790 (1941). *W. Va. Code,* 1931, 44-2-5 provides, in pertinent part:

> Every claim against the estate of a decedent *shall* be itemized, *accompanied by proper vouchers,* and verified by the affidavit of the creditor * * *. The vouchers for a judgment or decree shall be an abstract thereof. (Emphasis supplied)

When the appellant, pursuant to the above code provision, filed her claim against the Hardin estate, such claim, if itemized and accompanied by proper voucher, should have been allowed unless the appellee, the administratrix, availed herself of the procedure provided in *W. Va. Code,* 1931, 44-2-6, as amended. The pertinent part of that statute reads:

> Every claim so itemized, so accompanied by proper vouchers, and so verified, shall be taken to be proved, and shall be allowed, unless before the commissioner shall make up his report of claims the personal representative * * * shall file before the commissioner a counter affidavit, denying the claim in whole or in part * * *.

Grace Hardin, the administratrix of the Hardin estate, did file such counter affidavit denying the claim in whole. It then became incumbent upon the claimant to carry the burden of proving her claim. Essential to the proof of her claim was a proper voucher, without which the claim must be a nullity. *W. Va. Code,* 1931, 44-2-5. The Florida divorce decree attached to the claimant's affidavit was the only matter filed with that instru-

ment and purported to be the voucher upon which the claim was based. As hereinbefore noted the voucher was a certified copy of a divorce decree rendered by the Circuit Court of the Eleventh Judicial Circuit of Florida. Thus, the principal question is posed: Does a certified copy of the Florida divorce decree constitute a proper voucher upon which the appellant's claim can be based?

The trial court, answering this question in the negative, held that by reason of the failure of the claimant to present an authenticated copy of the Florida divorce decree which was the only basis of the claim, no proper voucher accompanied the claim as mandatorily required by *W. Va. Code*, 1931, 44-2-5. We are in agreement with that holding. In determining the validity of that voucher, it is essential to examine and consider *W. Va. Code*, 1931, 57-1-12. Therein it is provided that before the records and judicial proceedings of a court of another state shall be accorded full faith and credit in any court in this state, they shall be *authenticated* "by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, that the said attestation is in due form." Mere certification of a decree by a clerk of a court of a foreign jurisdiction does not satisfy the requirements of authentication as provided in the above statute.

Our Court has long held that authentication of records and judicial proceedings of a court of another state is a mandatory requirement for the admissibility thereof in the courts of this state. This is cogently demonstrated by Point 2 of the syllabus of *Central Trust Company of Illinois v. Hearne*, 78 W. Va. 6, 88 S.E. 450 (1916), which reads as follows:

> The records and judicial proceedings of a court of another state are not admissible as evidence in this state, unless 'attested by the clerk thereof, with the seal of the court annexed if there be a seal, and certified by the judge, chief justice or presiding magistrate of such court, to be attested in due form'. Sec. 19, ch. 130, Code.

The language of Section 19, ch. 130, Code, contained in the above quote, is basically the same as that contained in *W. Va. Code*, 1931, 57-1-12. The Court in *Hearne* said: "If defectively attested, they [records of court in another state] will not avail as evidence in any court of this state. Clearly, they were not authenticated as required by sections 19 and 20, ch. 130; and not being so proved, they had no probative value * * *." See *Cunningham v. Donelson*, 105 W. Va. 536, 143 S.E. 345 (1928) and *Wilson v. Phoenix Powder Mfg. Co.*, 40 W. Va. 413, 21 S.E. 1035 (1895).

Applying the foregoing authorities and considering the mandatory provisions of *W. Va. Code*, 1931, 57-1-12, we are of the firm opinion that the voucher submitted by the appellant in an attempt to establish her claim, not having been authenticated as required by the above statute, was not a proper and lawful voucher. It follows, therefore, that Mrs. Golliday, having failed to accompany her claim with a proper voucher, fell short of carrying the burden of proof thrust upon her by the counter affidavit of the administratrix. In light of such failure she cannot prevail.

The appellant further asserts that the amended affidavit purporting to itemize the claim should have been considered. In view of our conclusion that authentication is essential to the creation of a proper voucher and since the Florida divorce decree filed with the amended affidavit, as in the original affidavit, was not authenticated as required by law, we deem it unnecessary to consider such assertion.

The judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*